**NASHVILLE BRIDGE COMPANY,**
Appellee,

v.

**A. B. BURTON COMPANY, Inc.,**
Intervenor, Appellant.

No. 8422.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 25, 1961.

Decided Feb. 1, 1962.

Clyde C. Randolph, Jr., Winston-Salem, N. C. (James R. Caskie, S. Bolling Hobbs, and Caskie, Frost, Davidson & Watts, Lynchburg, Va., on brief), for intervenor appellant.

David M. Clark and Stephen Millikin, Greensboro, N. C. (Smith, Moore, Smith, Schell & Hunter, Greensboro, N. C., on brief), for appellee.

Before SOBELOFF, Chief Judge, and BOREMAN and BRYAN, Circuit Judges.

ALBERT V. BRYAN, Circuit Judge.

Intervention as a party defendant in this action, which involves a materialman's claim on a construction contract bond of A. B. Burton Company, Inc. and named defendants, was sought by but denied to Burton. The Company appeals on the ground that its motion pleaded facts entitling it to enter the case as of right. Rule 24, F.R.Civ.P., 28 U.S.C.A. Failing this, refusal to allow permissive intervention is assailed as an abuse of the District Court's discretion.

But the whole issue, we think, will be mooted by the motion—filed after the appeal—of Burton's surety, an original defendant, to implead Burton as a third-party defendant. The motion is obviously well made for it will allow the determination in a single action of all the claims "arising out of the transaction or occurrence" between the plaintiff and the surety. Rule 14, F.R.C.P. The first result will be this appeal's dismissal.

This conclusion is readily developed, since the problem here is solely one of pleading, from a narrative of the facts distilled from the allegations of the complaint, the answers and counterclaim, and the motion of intervention. Nashville Bridge Company, a Delaware corporation, brought the action in the District Court upon diversity jurisdiction against two South Carolina corporations, the defendants F. A. Triplett, Inc. and James T. Triplett, Inc. and the defendant Standard Accident Insurance Company, of Michigan charter. The Tripletts, together with appellant Burton, had entered into a contract with the North Carolina State Highway Commission for the construction of certain public roadways including a bridge of considerable dimensions. Standard signed, as surety, the required contract bond which the Tripletts and Burton had executed as principals. The bond protected those who furnished labor or materials to the principals for use in the project. Nashville sued as a subcontractor and materialman of the Tripletts claiming $43,000 of the Tripletts and Standard. It did not sue Burton.

In the performance of the State contract the Tripletts, who had in the allocation of the work among the principals undertaken the bridge erection, ordered from plaintiff Nashville a large amount of structural steel. Burton was not mentioned in the purchase agreement. Except for $43,000, for which Nashville sued, the entire price of the steel was paid by the Tripletts. This balance they refused to pay for the reason that the steel had not been delivered, they said, in accordance with the agreed delivery schedule and the completion of the bridge was thereby delayed, with resultant damages to the Tripletts of $15,143.00 and to Burton of $36,821.93. Burton had been assigned those segments of the State contract requiring the use of the bridge, and its damages assertedly were occasioned by the unavailability of the bridge due to Nashville's default.

To recover their damages the Tripletts presented a "Second Defense and Counterclaim" in the joint answer of themselves and Standard to Nashville's complaint. In it the defendants asked that Burton also be made a party defendant to the action, so that Burton could prosecute its claim against Nashville, the Tripletts

and Burton could square their accounts in accordance with the outcome of the case, and Standard could obtain indemnity, if necessary, from Burton. Burton meanwhile had moved to intervene and file a similar answer, with a like "Second Defense and Counterclaim" to recover its damages of Nashville.

Burton's motion was granted ex parte, but later upon the motion of the plaintiff it was stricken without prejudice to Burton to sue Nashville in a separate action. Ruling on the defendants' joint responsive pleadings, the Court directed the Tripletts and Standard to replead, due to confusion in their answer and counterclaim. It reserved to Standard the right to "amend its answer to assert any claim it might have against A. B. Burton Co. Inc.". Apparently this saving clause suggested a third-party proceeding by Standard against Burton. Neither the Tripletts nor Standard is appealing. Burton is here asking review and reversal of the order overruling its motion to intervene.

The parties have argued and briefed the case on the principles of intervention. However, as the appellant Burton, a Virginia corporation subject to process in North Carolina, is now impleaded as a third-party defendant by Standard and, upon entry of the order confirming the impleader, will be a party in the action, it will be endowed with every right of defense, claim, counterclaim and cross-claim which it asked to assert in its motion for intervention. These privileges are amply bestowed upon a third-party defendant by Rule 14, F.R.C.P., reading in pertinent portion as follows:

"(a)  *  *  *  The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. The plaintiff may assert any claim against the third-party defendant arising out of the trans-

action or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff, and the third-party defendant thereupon shall assert his defense as provided in Rule 12 and his counterclaims and cross-claims as provided in Rule 13. *  *  * "

See American Export Lines Inc. v. Revel, 262 F.2d 122, 124 (4 Cir. 1958).

Manifestly, the concern of the appellant is dispelled and no. reason for the appeal remains. It will be dismissed, each party bearing its own costs.

Appeal dismissed.