**VIRGINIA LAND CO. v. MIAMI SHIP- BUILDING CORP. et al.**

No. 14158.

United States Court of Appeals Fifth Circuit.

Jan. 29, 1953.

Rehearing Denied March 2, 1953.

M. Lewis Hall, Jr., Miami, Fla., Hall, Hedrick & Dekle, Miami, Fla., of counsel, for appellant.

D. P. S. Paul, Miami, Fla., Loftin, Anderson, Scott, McCarthy & Preston, Miami, Fla., for appellee Miami Shipbuilding Corp.

Before HUTCHESON, Chief Judge, and STRUM and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal is from an order[1] entered March 28, 1952, denying appellant's motion[2] for substitution of Miami Shipbuild-ing Company as respondent in place of the receiver, who had been dismissed from the cause, and from an order entered April 15, 1952, denying a motion for rehearing of the above motion.

Appellee has moved to dismiss the appeal on the grounds that: filed on May 8, 1952, it was not filed within thirty days from the order entered March 28, 1952; that the motion for rehearing of that order was not timely filed;[3] and that the order entered April 15, 1952, was not an appealable order.[4]

Appellant, calling to our attention that it had been brought into the cause on the petition of the United States, insists that it had sixty days to file its appeal under the exception to the rule that "in an action in which the United States or an officer or agency thereof is a party, the time as to all parties shall be sixty days from such entry".

In addition, it argues that though the order denying the motion for rehearing was not an appealable order, the filing of the motion prevented time for appeal from beginning to run until its disposition.

Appellee denies both of these claims. As to the claim that, because the United States

---

1. "On the application of Virginia Land Company for substitution of Miami Shipbuilding Corporation as party respondent in place of Horace E. Loomis, Receiver, filed March 21, 1952, the Court holds that its order of November 24, 1948, terminated this cause except that jurisdiction was retained for the purpose of enforcing the rights of the United States of America as concerned its claim for taxes. Any issues between the Virginia Land Company and the receiver were merely incidental to the proceedings to enforce the claim of the plaintiff. The court is not hereby passing upon the merits concerning the respective claims of Miami Shipbuilding Corporation and Virginia Land Company as this, in its opinion, is a subject for independent suit.

It is therefore ordered by the Court that the motion of Virginia Land Company for substitution of party respondent be, and the same is hereby denied."

2. This motion, filed on March 21, 1952, more than five years after appellant had, without taking any other steps to prose-cute it, filed its claim against the receiver, recited that on Nov. 24, 1948, the receiver had been discharged and all assets had been returned to Miami Shipbuilding Co.

3. Instead of being filed in ten days after March 28th, as required by the rules, it was filed fourteen days thereafter. Fine v. Paramount Pictures, Inc., 7 Cir., 181 F.2d 300; Safeway Stores, Inc., v. Coe, 78 U.S.App.D.C. 19, 136 F.2d 771, 148 A.L.R. 782; Jusino v. Morales & Tio, 1 Cir., 139 F.2d 946; Nealon v. Hill, 9 Cir., 149 F.2d 883; Norris v. Camp, 10 Cir., 144 F.2d 1. Federal Rules of Civil Procedure, amended Rule 73(a), 28 U.S.C.A., provides that the motions enumerated therein must be made timely if they are to toll the running of the time for appeal.

4. Safeway Stores v. Coe, 78 U.S.App.D.C. 19, 136 F.2d 771, 148 A.L.R. 782; Nealon v. Hill, 9 Cir., 149 F.2d 883; certiorari denied 326 U.S. 753, 66 S.Ct. 91, 90 L.Ed. 451; Cromelin v. Markwalter, 5 Cir., 181 F.2d 948.

was a party to the suit, appellant was entitled to sixty days within which to appeal, points to the record showing; that the United States filed its amended complaint making appellant a party, not because it asserted any claim against appellant, but merely because the court had directed it to file such an amendment; and that in filing the amendment, it had insisted that the appellant ought not to be added as a party, and had reserved its rights to complain of the action of the court in ordering it to make appellant a party.

It points, too, to the record showing: that the only controversy the United States ever had or asserted was with Miami Shipbuilding Corporation; that that controversy was settled; and that by orders entered November 4, 1948, and November 24, 1948, the receiver was dismissed; that the property, which had been taken into receivership on the petition of the United States, was restored to Miami Shipbuilding Corporation; that, as to the only controversy asserted by the United States, the suit was in effect determined and brought to an end; and that the United States was not, and could not have been, a party at interest in the appeal.

We agree with appellee that this is so, and that, therefore, this appeal is not governed by the sixty day exception. The whole basis of the exception, as is shown in the note of the Advisory Committee on Rules, pp. 428–429, 28 U.S.C.A., Rule 52 to End, Federal Rules of Civil Procedure, was the affording to others in respect of matters, in which the United States was interested, the same time for appeal which had been extended to the United States. It was not intended to change the rule in respect to appeals by other persons from orders with which the United States had no concern simply because of the fact that the United States was a party to the proceeding below but not to the issues involved in the appeal.

We find ourselves in agreement, too, with the claim of appellee that because the motion for rehearing was not timely filed, its filing and consideration did not prevent the time from running from the entry of the order. The cases cited in Note 3, supra, particularly Fine v. Paramount Pictures, Inc., 7 Cir., 181 F.2d 300, fully support that claim.

Finally, we agree with the appellee that the order appealed from was not a final decision, within the meaning of 28 U.S.C.A. § 1291, in that the order, as distinguished from the reasons given for it, was not, as appellant claims, an order of dismissal. It was merely one entered under Rule 25(c), denying substitution of parties, an order which rested in the discretion of the district court,[5] and which was not appealable.

The motion to dismiss is granted. The appeal is dismissed.

RIVES, Circuit Judge.
I concur in the result.

---

5.  4 Moore's Federal Practice, par. 2508, 2nd Ed.; Sumpter Lumber Co. v. Sound Timber Co., 9 Cir., 257 F. 408