**AMERICAN EXPORT LINES, Inc.,**
**Appellant,**

v.

**John REVEL, Appellee.**

**No. 7787.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 11, 1958.

Decided Dec. 11, 1958.

Sidney H. Kelsey, Norfolk, Va., in support of motion.

John W. Winston, Norfolk, Va. (Seawell, Johnston, McCoy & Winston, Norfolk, Va., on brief), in opposition to motion.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

SOBELOFF, Chief Judge.

The issue here is the timeliness of an appeal by a shipowner from a judgment obtained against it by an injured dockworker. It is a case in which the United States, having been impleaded by the shipowner, actively participated as a third-party defendant. On this basis the appellant maintains that its appeal was timely because noted within sixty days after judgment. The appellee here, who was plaintiff below, contends that the shipowner's time limit was thirty days, and he moves to docket and dismiss the appeal as too late. The parties agree that the answer depends upon the proper interpretation of Title 28 U.S.C.A. § 2107, and Rule 73, Federal Rules of Civil Procedure.[1]

---

1. 28 U.S.C.A., Federal Rules of Civil Procedure:

Section 2107. Times for appeal to court of appeals

"Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree.

"In any such action, suit or proceeding in which the United States or an

For an understanding of the issue, it is necessary to trace the rather complicated course of this litigation in the District Court.

John Revel, the longshoreman plaintiff, was injured while working on a dock in Norfolk. His employer, Whitehall Terminal Corporation, had entered into a contract with the United States to load one of the American Export Line's ships, the S.S. Executor, which was under space charter to the government. After accepting compensation benefits from his employer under the Virginia Workmen's Compensation Act, Code 1950, § 65–1 et seq., Revel sued Export, attributing his injuries to negligence for which it is responsible and to the ship's unseaworthiness. Export's answer made a general denial and pleaded as a separate defense that Revel had accepted compensation.

Export also then impleaded, as third-party defendants, the United States and Whitehall. The theory of Export's third party action was that the third-party defendants had breached their implied agreement with it to load the cargo properly or had been negligent in handling the cargo, thereby precipitating Revel's suit against it. Full indemnification was sought under the implied agreement, or at least contribution from the third-party defendants as joint tort-feasors.

Whitehall answered both the third-party complaint and the original complaint. It also moved to dismiss the third-party action on the asserted ground that the plaintiff, being limited to an award under the Virginia Workmen's Compensation Act, could not maintain suit for damages against Export and that, hence, Whitehall could have no liability.

The United States likewise filed its answer to the third-party complaint and, in addition, cross-claimed against Whitehall to recover any amount that the United States might be called upon to pay Export.

Before trial Revel amended his original complaint to include Whitehall as a principal defendant along with Export. Both Export and Whitehall then moved for summary judgment, asserting that Revel's remedy was exclusively under the Virginia Workmen's Compensation Act and that this statute precluded any suit at law against either Whitehall or Export. The United States filed no separate answer to plaintiff's amended claim, but it did present a memorandum in support of Export's motion for summary judgment and participated fully in the argument on this motion before the District Court.

The Court dismissed Whitehall as a defendant in the plaintiff's amended complaint but refused to grant its motion to dismiss it from the third-party complaint. After the denial of Export's motion for summary judgment, the case proceeded to trial, with Export as the principal defendant and the United States and Whitehall as third-party defendants. At the trial, the United States, as well as Export and Whitehall fully and completely participated, noting objections to testimony, cross-examining witnesses, and presenting evidence. Throughout the proceedings the United States, as part of its defense, combatted the plaintiff's right to recover against Export. Obviously, since the liability of the United States to Export depended on the latter's liability to Revel, it was in the interest of the United States to help Export defeat Revel's claim.

The jury brought in a verdict of $37,500 for the plaintiff against Export. This was the only branch of the case that was tried to the jury. Certain interrogatories bearing on the negligence of Whitehall were submitted to the jury for advisory verdicts only, but the judge reserved to himself the determination of any rights which Export might have against the United States and Whitehall and which the United States might have

officer or agency thereof is a party, the time as to all parties shall be sixty days from such entry * * *."

(The substance of this provision is repeated in Rule 73, Federal Rules of Civil Procedure.)

against Whitehall. Final judgments were entered on June 25, 1958, for Revel against Export, for Export against the United States and, in turn, for the United States against Whitehall.

No notice of appeal having been filed during the following thirty days, the Clerk of the District Court, on July 30, upon the plaintiff's instructions, issued an execution on the plaintiff's judgment against Export. Stay of execution was sought by Export until after the expiration of the period in which it claimed to be entitled to enter an appeal, namely, sixty days after judgment. Conceding that normally thirty days is the time allowed by law, it contended that because the United States was a party, all parties to the case had sixty days to appeal. The District Court, being of the opinion that Export was bound by the thirty-day appeal period even though the United States had been impleaded as a third-party defendant, overruled Export's motion for stay of execution on the judgment.

As Export indicated its desire to appeal from this ruling of the District Court, as well as from the judgment against it, the Court signed an order August 1, allowing such an appeal upon Export's filing of a supersedeas bond in the penalty of $40,-000, specifying, however, that this order was in no way to affect or prejudice Revel's right to contest the timeliness of the appeal. On August 15, Whitehall filed notice of appeal from the final judgment against it, and the United States filed similar notice of appeal on August 22, fifty-eight days after the final judgments. A few hours later on the same day, Export filed its notice of appeal from both the final judgment against it and from the order overruling its motion to stay execution. It also cross-appealed from all orders, rulings, findings, and conclusions adverse to it and favorable to either of the third-party defendants, the United States, or Whitehall.

Export's contention that it had sixty days in which to appeal rests upon the premise that the United States was a party to the proceedings within the meaning of Section 2107 of Title 28 U.S. C.A., and Rule 73 of the Federal Rules of Civil Procedure. To this the plaintiff replies that the United States was not a party to the original action of the plaintiff against Export and was involved only in the third-party action allowed by Rule 14(a) [2] of the Federal Rules of Civil Procedure.

■ The purpose of third-party procedure is to prevent circuity of action by drawing into one proceeding all parties who may become ultimately liable, so that

2. 28 U.S.C.A., Federal Rules of Civil Procedure:

Rule 14. Third-Party Practice

"(a) When Defendant May Bring in Third Party. Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. If the motion is granted and the summons and complaint are served, the person so served, hereinafter called the third-party defendant, shall make his defenses to the third-party plaintiff's claim as provided in Rule 12 and his counterclaims against the third-party plaintiff and cross-claims against other third-party defendants as provided in Rule 13. The third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim. The third-party defendant may also assert any claim against the plaintiff arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. The plaintiff may assert any claim against the third-party defendant arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff. and the third-party defendant thereupon shall assert his defenses as provided in Rule 12 and his counterclaims and cross-claims as provided in Rule 13. A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third-party defendant. As amended Dec. 27, 1946, effective March 19, 1948."

they may therein assert and have a determination of their various claims *inter sese*. This is intended to save the time and cost of duplicating evidence and to obtain consistent results from identical or similar evidence, as well as to avoid the serious handicap of a time lag between a judgment against the original defendant and a judgment in his favor against the third-party defendant. 1 Barron and Holtzoff, Federal Practice and Procedure (1950 Ed.), Sec. 422, p. 838.

The benefits to be derived from third-party practice are not restricted to the district court level; they are equally desirable and available on appeal. Therefore, unless the statutes and rules governing appeals inexorably require it, a court should not favor a situation where several parties have sixty days in which to appeal, while other parties with interdependent or related rights and obligations must appeal within thirty days. Such a difference could have the effect of splitting the case on appeal, thereby restoring the undesirable conditions which third-party practice was intended to cure or ameliorate.

The essence of appellee's argument is that the third-party action, while ancillary, is still distinct from the original suit, and that therefore, the time in which the original defendant, Export, could appeal was not enlarged by the presence of the United States in the case as a third-party defendant. In support of this position, he cites Mangone v. Moore-McCormack Lines, D.C.E.D.N.Y. 1957, 152 F.Supp. 848, in which, after a civil action had been brought against a shipowner by a longshoreman, and the United States was impleaded under the Court's admiralty jurisdiction, the Court granted the Government's motion to dismiss the third-party complaint. In its opinion, the Court discusses the nature of the third-party action, in general, and the distinction between admiralty and civil actions.[3]

The appellee argues that the reasoning of the Court in Mangone in regard to the relationship of the third-party action to the original action substantiates his position that when the United States is impleaded, it is not a party to the original action for purposes of determining the appeal period available to the original defendant. We have examined the opinion of the District Court in the Mangone case and find that in respect to third-party actions it does no more than describe the practice. It points out what is indisputably true, namely, that the first action is original and the second derivative; that the theory of recovery propounded by the original plaintiff and that of the third-party plaintiff may differ, and that there is no common plaintiff or defendant, the defendant in the original action being the plaintiff in the third-party proceeding.

The next step in appellee's argument is that since the United States was not a

---

3. The reason for seeking to bring the third-party action against the Government in the Mangone case under the Court's admiralty jurisdiction rather than under its civil jurisdiction was that the Court of Appeals for the Second Circuit in Prudential Steamship Corporation v. United States, 1955, 220 F.2d 655, had held that suits of this type must be brought against the Government under the Suits in Admiralty Act. 46 U.S.C.A. § 741 et seq. Both before and since the Prudential decision, other District Courts in the Second Circuit have allowed third-party complaints against the United States in admiralty even though the original action was civil. Dupuis v. Drytrans, Inc., D.C.S.D.N.Y.1957, 150 F.Supp. 436; Canale v. American Export Lines, D.C.S.D.N.Y.1955, 17 F.R.D. 269, and Skupski v. Western Nav. Corp., D.C.S.D.N.Y.1953, 113 F.Supp. 726. We are not called upon to decide here the propriety of the District Judge's action in allowing the Government to be impleaded, that issue not being before us. However, if the Court's action was correct, and if the rule of the Prudential case is held applicable, then the United States would properly have been impleaded under Rule 56 of the Admiralty Rules (rather than Rule 14(a) of the Federal Rules of Civil Procedure) and could have been held directly liable to the original plaintiff.

party to the original action between him and the defendant Export, it can have no interest in the judgment appealed from by Export. He stresses that Virginia Land Company v. Miami Shipbuilding Corporation, 5 Cir., 1953, 201 F.2d 506, 508, has expressly held that where the United States has no concern in the orders appealed from, the interested parties have only thirty days in which to appeal, even though the United States was a party to the proceeding below.

The cited case does not, in our view, furnish any support for the appellee's position here. In the Virginia case, the United States had brought suit against the defendant Miami Shipbuilding Corporation, for whose property a receiver was appointed. The Court ordered the United States to amend its complaint to make the Virginia Land Company a party. The United States had no claim against Virginia, and amended its complaint only because ordered to do so. The only controversy the United States had was with Miami Shipbuilding Corporation. That controversy was settled, the receiver was dismissed, and the property was restored to Miami Shipbuilding Corporation. Thereafter, the United States had no further interest in the case. Virginia then filed a motion to substitute Miami Shipbuilding Corporation as respondent in place of the receiver. From a denial of this motion, an appeal was taken forty days later. It was held that the United States was not a party in interest in the appellate proceedings within the meaning of the rule permitting filing of appeal by any of the parties within sixty days where the United States is a party, instead of the normal thirty-day period. In its opinion, the Court said that the rule extending the period of appeal " * * * was not intended to change the rule in respect to appeals by other persons from orders with which the United States had no concern simply because of the fact that the United States was a party to the proceeding below but not to the issues involved in the appeal."

. Accepting the reasoning of the Virginia case in a situation in which the United States has ceased to have an interest, it has no application here because in this case the United States is vitally concerned with the judgment appealed from. The judgment entered in favor of Export against the United States as third-party defendant was based on Revel's judgment against Export. The net effect of these two judgments was to place the loss on the United States. If on appeal, Revel should fail to hold his recovery against Export, this would automatically relieve the United States from liability. True, on appeal, the United States might escape liability even if Export failed to upset Revel's award; but the United States was interested in both avenues of escape.

■ While Section 2107 and Rule 73 do not specifically deal with the situation in which the United States is impleaded as a third-party defendant, we think that in the contemplation of these provisions and in every practical sense, when the United States is impleaded under Rule 14(a) and avails itself of the right therein granted to assert all defenses which it and the third-party plaintiff, or either of them, might have against the original plaintiff, actively participates in the conduct of the trial, and is subjected to the ultimate liability, it is a party to the proceeding. It became in the fullest sense a party in the District Court and it had a continuing interest in the outcome of the primary action on appeal.

The validity of our interpretation is aptly illustrated by the very situation which here exists. Certainly there was no reason for Export to appeal unless the United States decided to appeal. To say that when a defendant finds himself in such a position, he must file an appeal within thirty days after judgment in order to protect himself in case the United States should decide to appeal during the last thirty days of its sixty-day appeal period, is to place an undue burden on the original defendant; one not in consonance with the purpose of third-party

practice. Nothing in the governing provisions of the statute and rule requires this solecism.

We hold that, under these provisions, properly construed and applied to the present circumstances, all parties have the same time for appeal as has the United States, namely, sixty days. The motion to dismiss will be denied and the appeal will proceed in normal course to a hearing upon the merits.

Motion denied.