**MARYLAND CASUALTY COMPANY,**
Appellant,

v.

**W. S. CONNER, an individual doing business as W. S. Conner Construction Company, and Bushman Construction Company, a Missouri Corporation, Appellee.**

**No. 9390.**

United States Court of Appeals
Tenth Circuit.

Aug. 23, 1967.

F.2d 561; Billingsley v. Clayton, 5 Cir., 1966, 359 F.2d 13; Brooks v. Beto, 5 Cir., 1966, 366 F.2d 1; Labat v. Bennett, 5 Cir., 1966, 365 F.2d 698.

Denis G. Stack, Denver, Colo. (Akolt, Shepherd & Dick, Laurence W. De-Muth, Jr., Denver, Colo.), for appellee.

Bill Earl Tom, Denver, Colo. (Hiester, Tanner & Clanahan, Denver, Colo.), for appellant.

Before JONES *, SETH and HICKEY, Circuit Judges.

JONES, Circuit Judge:

Maryland Casualty Company was surety on payment bonds of the prime contractor in the construction of a Capehart housing project at the United States Air Force Academy near Colorado Springs, Colorado. In an action of a subcontractor to foreclose liens and for money judgments an appeal was taken from the district court's judgment. This Court reversed the judgment in part and affirmed in part. Bushman Construction Co. v. Air Force Academy Housing, Inc., 10th Cir. 1964, 327 F.2d 481.[1] On remand to the district court an amended complaint was filed, further proceedings were had, additional testimony was taken and, on November 21, 1966, the court made findings and conclusions by which Maryland Casualty was found to be liable to Bushman. Bushman Construction Co. v. Conner, D.C.D.Colo.1966, 260 F.Supp. 779. The court's judgment was entered on December 1, 1966. On January 5, 1967, Maryland Casualty filed a motion for an Extension of Time under Rule 73(a).[2] The motion set forth that the United States was the owner of Air Force Academy Housing, Inc., an original party, and hence the time for filing a notice of appeal was sixty days. The motion stated that the senior partner of the law firm representing Maryland Casualty died suddenly on August 27, 1966, that the decedent had been responsible for the litigation of the firm, that another partner took over the litigation with which he had not before been familiar and he had been absent from his home and office in connection with other pending litigation during the thirty day appeal period and neglected to perfect the appeal.

A hearing was had on the motion on February 3, 1967. The attorney who had represented Maryland Casualty and others at the trial of the cause on the merits, held October 31, 1966, and who had signed the motion for an extension was present. By way of excuses for not making a timely filing of a notice of appeal, he recited the work involved in a number of other pending cases and the burden which had fallen upon him since

---

* Of the Fifth Circuit, sitting by designation.

1. Other phases of litigation arising from this construction project are reflected in Bushman Construction Co. v. Conner, 10th Cir. 1965, 351 F.2d 681, cert. den. 384 U.S. 906, 86 S.Ct. 1340, 16 L.Ed. 2d 358; Bushman Construction Co. v. Conner, 10th Cir. 1962, 307 F.2d 888.

2. "An appeal permitted by law from a district court to a court of appeals shall be taken by filing a notice of appeal with the district court within 30 days from the entry of the judgment appealed from, except that: (1) in any action in which the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days from such entry; (2) upon a showing of excusable neglect the district court in any action may extend the time for filing the notice of appeal not exceeding 30 days from the expiration of the original time herein prescribed * * *" Rule 73(a) Fed.Rules Civ.Proc.

the death of the senior member of his firm. In his statement it was said:

"It finally came to my attention that the time was near. I filed it on the 5th of January, and then I discovered it was late."

The district court observed that the delay was approximately two days and that the litigation had been pending more than seven years. The court commented upon the fact that the deceased attorney had taken the lead in the case prior to his death. The district court concluded that this was an extraordinary situation which deserved relief. On the same day the court entered an order finding that the matter was one within the discretion of the court and extending the time for thirty days from January 3, 1967, and ordering that the notice of January 5, 1967, would be considered as filed within the extension.

The appellee, Bushman Construction Co., has moved to dismiss the appeal, asserting that the order purporting to extend the time was improper because no excusable neglect, within the meaning of the Rule, was shown, and hence the order was filed out of time. The appeal is before this Court on the motion to dismiss.

■ The filing of a timely notice of appeal is essential to the jurisdiction of a court of appeals to review a judgment of a district court. Stone v. Wyoming Supreme Court, 10th Cir. 1956, 236 F.2d 275; Spengler v. Hughes Tool Co., 10th Cir. 1948, 169 F.2d 166.

■■ There is no basis for the assertion that the United States is a party to the action and therefore the time for taking the appeal is sixty days. The only connection of the United States with the litigation was the attempt, at the outset of the litigation, to assert a lien upon the property of Air Force Academy Housing, Inc., a corporation of the Unit-

ed States. This corporation went out of the case on an order of dismissal and a summary judgment. The dismissal and judgment were affirmed by this Court. Bushman Construction Co. v. Air Force Academy Housing, supra. In the amended complaint, filed by Bushman Construction Co. after this Court's remand, no attempt was made to assert any claim against the United States or its corporation. Bushman Construction Co. v. Conner, D.C., 260 F.Supp. 779. Where, as here, the interest of the United States has been finally determined prior to the entry of a judgment from which an appeal is sought, the United States is not a party and the time for appeal is thirty days rather than sixty days. Virginia Land Co. v. Miami Shipbuilding Corp., 5th Cir. 1953, 201 F.2d 506. See Barnard-Curtiss Co. v. United States, 10th Cir. 1958, 252 F.2d 94, cert. den. 358 U.S. 906, 79 S.Ct. 230, 3 L.Ed.2d 227; Young v. Chicago, Milwaukee, St. Paul and Pacific Railroad Co., 8th Cir. 1966, 369 F.2d 502.

The posture of this case presents a problem which, so far as we can ascertain, has not been judicially considered. The notice of appeal was not filed within the thirty day period prescribed by the Rule. The time had not then been extended and the motion to extend had not then been filed. The notice of appeal was filed and the application for an extension was made during the thirty days from the expiration of the original time prescribed, but the order purporting to extend the time was not entered until after the end of the second thirty day period. There may be grave doubt as to whether the court can give validity, retroactively, to a notice of appeal which was inoperative when filed, at a time beyond that within which the filing of the notice could have been authorized. Professor Moore suggests the problem.[3] Since a solution of the prob-

---

3. "Note that the power to extend the time for appeal is vested solely in the district court; that the district court must exercise that power within a period not exceeding thirty days from the ex-

piration of the time otherwise allowed by Rule 73(a) for filing a notice of appeal; and that a notice of appeal must be filed within the same thirty-day period which limits the power of the district

lem is not required for a decision of the appeal, we leave it for determination in a cause where it may be the decisive issue.

■■ Prior to the 1966 amendments to the Rules, it was provided by Rule 73(a) that the district court could extend the time for appeal "upon a showing of excusable neglect based upon a failure of a party to learn of the entry of the judgment." By the 1966 amendment the words "based upon a failure to learn of the entry of the judgment," were eliminated. The note of the Advisory Committee which drafted the amendment states:

"The original rule authorized the district court to extend the time for appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed 'upon a showing of excusable neglect based upon a failure of a party to learn of the entry of the judgment * * *.' The exception numbered (2) eliminates the phrase 'based upon a failure of a party to learn of the entry of the judgment' and thus empowers the district court to extend the time upon a showing of excusable neglect of any kind. In view of the ease with which an appeal may be perfected, no reason other than failure to learn of the entry of judgment should ordinarily excuse a party from the requirement that the notice be timely filed. But the district court should have authority to permit the notice to be filed out of time in extraordinary cases where injustice would otherwise result."

The notes of the Advisory Committee are entitled to weight in ascertaining the meaning of the Rules. Mississippi Publishing Corp. v. Murphree, 326 U.S. 438, 66 S.Ct. 242, 90 L.Ed. 185. In a recent discussion of the 1966 amendments, Mr. Robert L. Stern, a member of the Advisory Committee on Appellate Rules of the Judicial Conference of the United States, has said:

"Heretofore 30 days extra for taking an appeal was allowable in case of 'excusable neglect, based on the failure of a party to learn of the entry of judgment.' Rule 73(a) as revised eliminates the last clause, and allows 30 days additional 'upon a showing of excusable neglect.' This change was made because experience has revealed that there are a number of other situations in which tardiness is excusable and in which it is unfair to dismiss an appeal because of late filing of the notice. The most obvious example, perhaps, is undue delay in the mails resulting from a severe snow storm, or perhaps even from an unexpected swamping of the Post Office Department as has also recently occurred in Chicago. If a lawyer mails a notice of appeal two days ahead of the due date, when one day is ordinarily enough for the mail to be delivered, it would seem clearly unfair to bar the appeal because a storm or other unforeseen cause of delay delayed the delivery. This example is not hypothetical; it has happened. And the Supreme Court decisions reveal other examples of illness or persons in prison in which the former rule was unnecessarily rigid.

"The Committee intended that the standard of excusable neglect remain a strict one, however. We did not want lawyers to be taking advantage of this extra 30 days as a matter of course; it is not meant to cover the usual excuse that the lawyer is too busy, which can be used, perhaps

court. If counsel has filed a notice of appeal at a time which is arguably beyond the time ordinarily allowed by Rule 73(a), he should immediately request an extension of time for filing still another notice of appeal, and, if permission is granted, file a second notice within the time as extended. Otherwise, if the court of appeals determines that the first no- tice was untimely and thirty days have elapsed from expiration of the original time prescribed, it will be too late to seek an extension from the district court." 7 Moore's Federal Practice 3181–3182, ¶ 73.09 [3]. Cf. Knowles v. United States, 5th Cir. 1958, 260 F.2d 852.

truthfully, in almost every case. It is hoped that the bar will invoke and the courts give effect to this less stringent standard in the spirit in which it was written—that is, to take care of emergency situations only." Stern, Changes in Federal Appellate Rules, 41 F.R.D. 297, 298–299.

It was not intended by the amendment to Rule 73(a) to permit the time for taking an appeal to be extended in the absence of circumstances that are unique or extraordinary.

Maryland Casualty relies heavily upon Harris Truck Lines v. Cherry Meat Packers, 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261. Within thirty days from the entry of the judgment an application was made for an extension on the ground that applicant's general counsel, who made determinations as to whether or not appeals would be taken, was on vacation and could not be reached. The district court entered an order granting the extension. The Seventh Circuit Court of Appeals reversed the district court and dismissed the appeal. Harris Truck Lines v. Cherry Meat Packers, 7 Cir., 303 F.2d 609. The Supreme Court vacated the Court of Appeals judgment, saying:

> "In view of the obvious great hardship to a party who relies upon the trial judge's finding of 'excusable neglect' prior to the expiration of the 30-day period and then suffers reversal of the finding, it should be given great deference by the reviewing court. Whatever the proper result as an initial matter on the facts here, the record contains a showing of unique circumstances sufficient that the Court of Appeals ought not to have disturbed the motion judge's ruling." 371 U.S. 215, 217, 83 S.Ct. 285.

In the Harris case the application for an extension was made within the initial thirty day period for giving notice of appeal, within which time a notice of appeal could have been filed if the extension had not been granted. The order of the district court was relied upon and thus was created the unique situation permitting a finding of excusable

neglect. The record before us presents a different and, we think, a distinguishing factual situation.

■ In the motion counsel says that due to the burden inherited by him through the death of his partner he, through inadvertence, neglected to file the notice of appeal within the prescribed time. At the hearing on the motion counsel related the volume of matters he was required to handle and the time he was required to spend away from his office because of his partner's death. "It was," he admitted, "certainly a preoccupation with other matters." The fact that appellant's counsel is professionally engaged in other matters does not show excusable neglect within the meaning of the Rule. United States v. Bowen, 5th Cir. 1962, 310 F.2d 45; Tucker Products Corp. v. Helms, 9th Cir. 1948, 171 F.2d 126, cert. den. 336 U.S. 938, 6ひ S.Ct. 748, 93 L.Ed. 1096; Maghan v. Young, D.C.Cir. 1946, 80 U.S.App.D.C. 395, 154 F.2d 13.

We are convinced that the delay in filing the notice of appeal was not shown to have been the result of excusable neglect. It follows that the appeal should be and it is hereby

Dismissed.