**In re PARIS AIR CRASH OF MARCH 3, 1974.**

**Doris Leah KALINSKY et al., Plaintiffs-Appellants,**

v.

**McDONNELL DOUGLAS, General Dynamics, the United States and Turkish Airlines, Defendants-Appellees.**

No. 77–3270.

United States Court of Appeals, Ninth Circuit.

July 13, 1978.

Before HUFSTEDLER, KENNEDY and ANDERSON, Circuit Judges.

PER CURIAM.

The instant action arises out of an aircraft accident on March 3, 1974, near Paris, France, which claimed the life of, among others, plaintiffs' decedent, Nancy Kalinsky.

The operative complaint (Third Amended Complaint) was filed July 8, 1975, by plain-

tiffs, naming as defendants McDonnell Douglas Corporation, General Dynamics Corporation, Turk Hava Yallari (Turkish Airlines), and the United States of America. All named defendants answered the Third Amended Complaint.

On February 10, 1977, plaintiffs' counsel, and counsel for McDonnell Douglas and General Dynamics, stipulated, and the trial court so ordered, that plaintiffs would try their action for compensatory damages against McDonnell Douglas and General Dynamics. Such a trial was held and plaintiffs were awarded $25,000. Plaintiffs appealed this judgment but did not file the notice of appeal until 44 days after the judgment. Defendants McDonnell Douglas and General Dynamics then made a motion before this court to dismiss the appeal under Rule 4 of the Federal Rules of Appellate Procedure (F.R.A.P.) on the grounds that the notice of appeal was not timely filed.

Under Rule 4(a), the notice of appeal "shall" be filed with the clerk of the district court within 30 days of the date of the entry of the judgment from which the appeal is taken. There is, however, the well-known exception to the 30-day requirement of Rule 4(a). This exception reads, "but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days of such entry."

The issue which confronts us here is whether or not the United States is a "party" to this action such as to make plaintiffs' appeal time 60 instead of 30 days.

It is true that the United States was not directly involved in this particular procedural facet of the case since the bifurcated trial on the compensatory damages issue was only against McDonnell Douglas and General Dynamics. However, from the record before us the United States remains a named party and appears to have some continuing interest in this phase of the litigation by reason of an agreement for contribution. Moreover, the United States has participated to some degree in the overall case.

We hold under these facts that when the United States is a named party, participates in the general action and is, or may be, interested in the outcome of an appeal, even though it is not a party to the appeal, then it is a "party" for purposes of F.R.A.P. 4(a) and the 60-day time limit for appeal applies. *See, e. g., American Express Lines v. Revel,* 262 F.2d 122 (4th Cir. 1958); *Division of Labor Law Enforcement v. Stanley Restaurants,* 228 F.2d 420 (9th Cir. 1955); *Corning Glass Works v. Puerto Rico Water Resources Authority,* 396 F.2d 421, 423 n. 1 (1st Cir. 1968); and *East v. Crowdus,* 302 F.2d 645 (8th Cir. 1962). We agree with Judge Friendly and Professor Moore that a literal reading of the 60-day exception is the preferred view in order to eliminate the element of uncertainty created by a "hidden exception or qualification" in a critical procedural rule. *United States v. American Society of Composers,* 331 F.2d 117 (2nd Cir. 1964), *cert. denied,* 377 U.S. 997, 84 S.Ct. 1917, 12 L.Ed.2d 1048; 9 Moore's Federal Practice § 204.10, pp. 923–27.[1] For a general discussion of the cases dealing with Rule 4(a) and the 60-day exception, *see* 9 A.L.R. Fed. 911–24.

Accordingly, appellees' motion to dismiss this appeal is DENIED.

Two other pending motions are disposed of as follows:

(a) Appellants' motion for extension of time to file the record and to transfer portions of the record is GRANTED and appellants shall arrange with the Clerk's office for the transfer of portions of the record; and

---

1. Here we do not have the situation in such cases as *Maryland Casualty Co. v. Conner,* 382 F.2d 13 (10th Cir. 1967), or *Virginia Land Co. v. Miami Ship Building Corp.,* 201 F.2d 506 (5th Cir. 1953), where those courts held that the United States was not a "party" for purposes of the 60-day appeal time because all of the interest of the United States had been finally determined *prior* to the entry of judgment from which the appeal was taken.

(b) Appellants are GRANTED thirty-five days from the entry of this opinion and order in which to file their brief.