**Antonio MONTELONGO, et al.,
Plaintiffs-Appellees
Cross-Appellants,**

v.

**Edwin MEESE, III, Attorney General,
et al., Defendants,**

**Glen Martin, et al.,
Defendants-Appellants
Cross-Appellees.**

**No. 85–2412**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 11, 1985.

---

Robert L. Guerra, McAllen, Tex., Thomas J. Bacas, Washington, D.C., for defendants-appellants cross-appellees.

James A. Herrmann, Harlingen, Tex., for plaintiffs-appellees cross-appellants.

Before ALVIN B. RUBIN, JOHNSON, and EDITH HOLLAN JONES, Circuit Judges.

## OPINION

PER CURIAM:

After an appeal had been timely filed by the non-government defendants from a case in which the United States was a codefendant, a cross appeal was filed by the plaintiffs. The United States did not appeal. The plaintiffs' cross appeal was filed more than thirty days, but within sixty days, after judgment was entered. Because the United States has not appealed, the defendants-appellants move to dismiss the cross appeal on the ground that the plaintiffs did not timely file their appeal. The motion is predicated on the thesis that the single suit below involved two class actions, the United States was a party to only one of these, and the cross appeal was, therefore, untimely because it concerns only the cause of action in which the United States has no interest. The logic of this argument is at best strained. Rule 4 of the Federal Rules of Appellate Procedure is clear: it fixes the time for filing an appeal by any party to an action to which the United States is also a party. We see no reason to further complicate the already difficult task of attempting to determine the timeliness of appeals by requiring that timeliness be determined separately on the basis of which party is concerned with each issue. Therefore, the motion to dismiss is denied.

Rule 4(a)(1) of the Federal Rules of Appellate Procedure provides in part: "In a civil case ... if the United States ... is a party, the notice of appeal may be filed *by any party* within 60 days after [the date of entry of the judgment or order appealed from]." [1]

Defendants-appellants base their motion to dismiss the plaintiffs' cross appeal on *Virginia Land Company v. Miami Shipbuilding Corporation* [2] in which we held that the thirty-day period within which private parties must appeal from a judgment applied to an appeal from an interlocutory order "with which the United States [though a party to the action] had no concern." [3] We reasoned that simply because "the United States was a party to the proceeding below" did not make the sixty-day limit applicable. [4] The *Virginia Land Company* decision, however, addressed

---

1. Fed.R.App.P. 4(a)(1) (emphasis added).

2. 201 F.2d 506 (5th Cir.1953).

3. *Id.* at 508.

4. *Id.*

only an appeal from an interlocutory order that did not affect the United States.

In this case there was but one final judgment. That judgment fired the starting gun for all appeals. Even he who runs may read that Rule 4(a)(1) extends sixty days to all parties for an appeal from such a final judgment, because, as the Advisory Committee Notes state, "it would be unjust to allow the United States ... extra time and yet deny it to other parties in the case." The rule therefore "gives all parties sixty days."[5] "It is immaterial," Moore's Treatise states, "that the government is not a party or is not interested in the appeal that is actually taken."[6]

Determining whether the thirty or sixty-day time period should apply based on whether the government is interested in the particular issue involved in the appeal, Moore's Treatise continues, "introduces an element of uncertainty on the very critical, because regarded as jurisdictional, area of the time for appeal, and it ought not find favor."[7] Nor does it. Indeed, apparently every court that has considered the matter has held that the private party has sixty days within which to appeal from a final judgment that was also final against the United States.[8]

Accordingly, the defendants-appellants motion to dismiss plaintiffs' cross appeal is DENIED.

Costs are to be taxed to defendants-appellants.

---

**5.** 9 *Moore's Federal Practice* § 203.25[1], at 3–102 (2d ed. 1985) (quoting 1946 Advisory Committee Note to Amended Subdivision (a) of Rule 73 (Fed.R.App.P. 4(a)'s predecessor)); *see also id.* ¶ 204.10, at 4–34.

**6.** *Id.* ¶ 204.10, at 4–35 (citations omitted).

**7.** *Id.* ¶ 204.10, at 4–35.

**8.** *See United States v. American Soc'y of Composers, Authors & Publishers,* 331 F.2d 117, 119 (2d Cir.), *cert. denied,* 377 U.S. 997, 84 S.Ct. 1917, 2 L.Ed.2d 1048 (1964); *see also Rochester Methodist Hosp. v. Travelers Ins. Co.,* 728 F.2d 1006, 1011–12 (8th Cir.1984); *In re Paris Air Crash of March 3, 1974,* 578 F.2d 264, 265 (9th Cir.1978); *East v. Crowdus,* 302 F.2d 645, 646–47 (8th Cir.1962).