Raymond J. DONOVAN, Secretary of Labor, United States Department of Labor, and Randell Craig Mondy, Plaintiffs-Appellants,

v.

TIERRA VISTA, INC. and Ross Flood, Defendants-Appellees.

Nos. 84–1789, 84–1810.

United States Court of Appeals, Tenth Circuit.

July 11, 1986.

Wendy Bader (Francis X. Lilly, Sol. of Labor, Joseph M. Woodward, Acting Associate Sol., Linda Jan S. Pack, Counsel for Appellate Litigation, Barbara E. Kahl, Atty., and James E. White, Regional Sol., on briefs), U.S. Dept. of Labor, Washington, D.C., for plaintiffs-appellants.

Richard L. Barnes (Craig T. Limbocker, with him on brief) of Nichols, Wolfe, Stamper, Nally & Fallis, Inc., Tulsa, Okl., for defendants-appellees.

(Patrick G. Stoia, Tulsa, Okl., on brief, for plaintiff-appellant Randell C. Mondy.)

Before McKAY, LOGAN and BALDOCK, Circuit Judges.

McKAY, Circuit Judge.

The Secretary of Labor and Randell C. Mondy appeal the trial court's failure to enjoin Mr. Mondy's employer from withholding unpaid overtime compensation. They brought this action under section 17 of the Fair Labor Standards Act (FLSA), 29 U.S.C.A. § 217 (West 1985), charging that the employer, Tierra Vista, Inc., and its president, Ross Flood, willfully violated the overtime and record-keeping provisions of the Act. The trial court found that Tierra

Vista and Mr. Flood had not violated the act because it paid its employees according to a valid Belo plan. Such a plan is an exception to the FLSA overtime provisions because it allows an employer to pay a set salary to employees who work fluctuating hours. 29 U.S.C.A. § 207(f) (West supp. 1986).

Appellees argue that Mr. Mondy did not properly preserve his appeal because he filed his notice of appeal sixty days after the district court entered judgment against him. Under Fed.R.App.P. 4(a)(1), his appeal was not timely filed unless the Secretary of Labor, an officer of the United States, is a "party" to the lawsuit. Appellees concede that the actions of Mr. Mondy and the Secretary were consolidated for trial. But they argue that the Secretary is not a "party" because Mr. Mondy initially brought his claim independently, because his case retained a separate docket number, and because the judgment against him was separately entered.

■ We reject appellee's argument. Because the actions of Mr. Mondy and the Secretary were consolidated, the United States is not merely "concerned or interested in the final judgment," but is actually "a party to the action in which the judgment was entered." *In re O'Bryan*, 399 F.2d 916, 918 (10th Cir.1968), *cert. denied*, 394 U.S. 906, 89 S.Ct. 1014, 22 L.Ed.2d 217 (1969). Thus, Mr. Mondy properly preserved his appeal.

■ Appellants question the validity of Tierra Vista's Belo plan. The Belo exception was created to provide stable salaries for employees whose work weeks fluctuate and who would otherwise face financial burdens from below-normal work weeks. *See Walling v. A.H. Belo Corp.*, 316 U.S. 624, 635, 62 S.Ct. 1223, 1229, 86 L.Ed. 1716 (1942). In order for an employer's pay scheme to qualify as a Belo plan, it must meet four requirements specified by the Act: (1) the agreement must be made "pursuant to a bona fide individual contract" or collective bargaining agreement; (2) the duties of the employee must "necessitate irregular hours of work"; (3) the contract

must specify a "regular rate of pay" for the first forty hours and "compensation at not less than one and one-half times such rate" for all hours above forty; and (4) it must provide a "weekly guarantee of pay for not more than sixty hours." 29 U.S.C.A. § 207(f) (West supp. 1986).

■ We hold that Tierra Vista did not pay its employees pursuant to a valid Belo plan because the employment in question did not "necessitate irregular hours of work." *Id.* We share the Fifth Circuit's interpretation of this requirement:

> As used in the statute, the term, "irregular hours of work," does not mean merely a fluctuating long work-week, consisting only or mostly of variations in hours over forty. For hours to be considered irregular within the meaning of section 7(f), they must, in a significant number of weeks, fluctuate both below forty hours per week as well as above, and the fluctuation below forty must result from work requirements, not vacations, holidays, illness or reasons personal to the employee. This follows from one of the basic purposes of the exception, to protect employees against "short" paychecks when the nature of their work requires weeks of substantially fewer than forty hours.

*Donovan v. Brown Equipment & Service Tools, Inc.*, 666 F.2d 148, 154 (5th Cir.1982) (footnote omitted). This approach comports with our view in *Donovan v. McKissick Products Co.*, 719 F.2d 350 (10th Cir. 1983), *cert. denied*, 467 U.S. 1215, 104 S.Ct. 2657, 81 L.Ed.2d 363 (1984), in which we held a purported Belo plan invalid because, in part, "no employee worked less than forty hours per week unless he did so for personal reasons." *Id.* at 354; *see also* 29 C.F.R. § 778.406 (1985). In the instant case, the work weeks of Tierra Vista employees did not fluctuate below forty hours. Thus, the trial court erred in finding that Tierra Vista paid its employees according to a valid Belo plan. Because the "irregular hours" requirement was not met, we do not consider whether Tierra

Vista met the other three Belo plan requirements.

Accordingly, we reverse the decision of the trial court and remand for a determination of back pay to be awarded to Mr. Mondy and other Tierra Vista employees.