A. Burton HANKINS,
Petitioner-Appellant,

v.

Benjamin R. CIVILETTI, Attorney General of the United States of America, H. Brooks Phillips, United States Marshal, et al., Respondents-Appellees.

UNITED STATES of America and Samuel James Baker, Special Agent, Internal Revenue Service, Plaintiffs-Appellees,

v.

A. Burton HANKINS, Individually and as Executor of the Estate of Bewel A. Hankins, Defendant-Appellant.

Nos. 79-1913, 79-3095

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 31, 1980.

See also, 5th Cir., 565 F.2d 1344, 581 F.2d 431.

Champ T. Terney, Indianola, Miss., for Hankins in 79-1913.

Hiram C. Eastland, Jr., Indianola, Miss., for Hankins in both cases.

H. M. Ray, U. S. Atty., Thomas W. Dawson, Asst. U. S. Atty., Oxford, Miss., M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Chief, App. Sec., Charles E. Brookhart, William A. Whitledge, Tax Div., Dept. of Justice, Washington, D.C., for appellees in both cases.

Crosthwait, Terney, Noble & Eastland, Indianola, Miss., for Hankins in 79-3095.

Before AINSWORTH, FAY and RANDALL, Circuit Judges.

PER CURIAM:

Appellant A. Burton Hankins reappears before this court, having been incarcerated since March 8, 1979, under a series of civil contempt orders springing from his failure to produce or adequately explain the absence of certain business records summonsed by the Internal Revenue Service in 1975. He now brings consolidated appeals from the denial of his petition for a writ of habeas corpus, and from the district court's order holding him in contempt and denying his motion for release from the Attorney General's custody. In both of these appeals Hankins challenges the trial court's rejection of his asserted constitutional privilege against self-incrimination. We agree with the trial judge that Hankins waived the privilege with respect to cross-examination

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

on matters relevant to his testimony on direct examination, and that he unlawfully refused to respond to relevant questions on cross-examination. Accordingly, the denial of his habeas corpus petition and the contempt order are affirmed.

In March, 1975, the Internal Revenue Service presented to appellant Hankins summonses for production of certain records, documents, and books pertaining to his lumber business. In response to the summonses, Hankins appeared but claimed that he lacked the possession, custody, or control necessary to produce the company records. Additionally, he argued that his constitutional privilege against self-incrimination spared him production of these records. Upon the government's application, the district court entered an order enforcing the summonses. Subsequently Hankins produced a part of the records and offered to testify that he neither had nor could produce any others; but he refused to submit to cross-examination, again invoking the Fifth Amendment claim. The district court rejected that proffered testimony. The resulting order finding Hankins in civil contempt was affirmed by this court in *United States v. Hankins*, 565 F.2d 1344 (5th Cir.), *clarified*, 581 F.2d 431 (5th Cir. 1978), *cert. denied*, 440 U.S. 909, 99 S.Ct. 1218, 59 L.Ed.2d 457 (1979).

Remanded to the custody of the Attorney General following disposition of his initial appeal, Hankins has remained incarcerated notwithstanding his several attempts to purge himself of contempt. In March, 1979, he submitted to the district court a petition for a writ of habeas corpus, averring under oath his lack of custody, control, or possession of the records and his inability to produce them either at the time the summonses were initially served or at any time afterward. Hankins reappeared before the district court in July, 1979, presenting affidavits asserting his inability to comply with the production order. The judge rejected both proffers as insufficient to purge Hankins of his contempt or to comply with the mandate of this court in the previous *Hankins* decisions. Consequently, Hankins took the stand in the July hearing, and on direct examination testified that he had complied with the summonses and court orders to the full extent of his current or future abilities. He further averred that he was not in possession or control of the summonsed records either at the time the summonses were delivered or at the time of the hearing.

After direct examination, the government attorney attempted to cross-examine appellant Hankins. Pertinent parts of the repartee are as follows:

MR. WHITLEDGE:
Q  My question was, how do you know that the records were not in your possession, custody or control at the time the summonses were served on you?
A  I thought they was all there.
Q  You thought they were all there?
A  (No response)
Q  When did you determine that they were not all there?
A  When you-all said they weren't.
Q  Are you telling me that you were served with Internal Revenue summonses telling you to produce your books and records in 1975, and in 1976, in September, was the first time you were aware that these records were missing?
A  State that again, please.
Q  When was the first time you were aware that records were missing?
A  I am saying I delivered to you, or to the government, everything that I had, or had possession or control over.
Q  When you delivered all of that to the government, were you aware that there were records missing from what you turned over; that there were, for example, sequentially numbered pages removed from the journal?

THE WITNESS:
Your Honor, on the advice of counsel, I refuse to answer this question on the grounds that it may incriminate me. I rely on my rights under the Fifth Amendment of the United States Constitution.

THE COURT:

The objection is overruled. He is required to answer the question.

\* \* \* \* \* \*

BY MR. WHITLEDGE:

Q Mr. Hankins, the question was, when was the first time you were aware that certain records were missing, the ones we have described as missing throughout this proceeding?

\* \* \* \* \* \*

THE WITNESS:

Your Honor, on the advice of counsel, I refuse to answer this question on the ground that it may incriminate me. I rely on my rights under the Fifth Amendment of the United States Constitution.

THE COURT:

Under the circumstances of this case, the law of the case as evidenced by the appeal to the Fifth Circuit originally upon your contempt, upon my order that you be confined, or in the custody of the Attorney General of the United States until you answer that question, until you took the witness stand to testify in regard to the records on cross-examination, as evidenced by the opinions of the Fifth Circuit, and the opinion of the Fifth Circuit which explained or further illustrated their original opinion, and the fact that the matter has gone to the Supreme Court of the United States under a writ of certiorari, I think you are obligated to answer that question.

Now, I direct you to answer it. If you do not answer it, then I will have to remand you to the custody of the

Do you stay with your reply?

THE WITNESS:

Yes, sir.

At this final refusal to submit to cross-examination, the trial judge struck Hankins' direct testimony. For his continuing civil contempt, Hankins returned to incarceration without bond pending disposition of this appeal.

In this consolidated appeal, appellant Hankins contends that he complied with the mandate of this court,[1] in his earlier appeal, through his proffered direct testimony and purported submission to cross-examination regarding his inability to produce further records. *See id.* He claims that that proffered testimony distinguishes his current appellate stance from his former one because he submitted to cross-examination. A review of the record, however, reveals but a superficial submission to cross-examination: appellant Hankins would have circumscribed the boundaries of his own interrogation.

Clearly, Hankins has waived his Fifth Amendment privilege with regard to matters relevant to his direct testimony. *See United States v. Beechum*, 582 F.2d 898, 907 (5th Cir. 1978), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979); *United States v. Brannon*, 546 F.2d 1242, 1246–47 (5th Cir. 1977); Fed.R.Evid. 611(b). He argues on appeal, however, that his statements on direct exposed him only to cross-examination within the meager bounds of possession, custody, and control of the records, and not to inquiry regarding the whereabouts or fate of the records. We cannot agree that Hankins' direct testimony opened only so narrow an inquiry. Although we do not speculate as to the extent of permissible cross-examination, we do find that the questions propounded to Hankins were proper cross-examination within the subject matter of his direct testimony. *See id.* Accordingly, the trial court's civil contempt order and denial of Hankins' petition for writ of habeas corpus are AFFIRMED.

---

1. Being constrained by the distinction drawn by the previous panel between this case and *Curcio v. United States*, 354 U.S. 118, 77 S.Ct. 1145, 1 L.Ed.2d 1225 (1957), we consider only whether, having testified on direct, Hankins could properly refuse to respond to cross-examination.