**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gerald HALLAHAN,**
**Defendant-Appellant.**

**No. 84–1889.**

United States Court of Appeals,
Sixth Circuit.

Argued June 13, 1985.

Decided and Filed July 29, 1985.

Order on Denial of Rehearing
Sept. 11, 1985.

Paul D. Borman, argued, Federal Defender Office, Detroit, Mich., for defendant-appellant.

Joel Shere, U.S. Atty., Detroit, Mich., Michael L. Paup, Glenn L. Archer, Jr.,

Asst. Atty. Gen., Tax Div./Dept. of Justice, George Hastings, argued, Charles E. Brookhart, William A. Whitledge, Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before KENNEDY and WELLFORD, Circuit Judges; and BROWN, Senior Circuit Judge.

WELLFORD, Circuit Judge.

█ Gerald Hallahan appeals from a December 17, 1984, district court order which sets forth conditions he must meet to purge himself of his contempt of a prior order of the court. The initial contempt arose out of Taxpayer's refusal to provide the IRS with certain financial documents, the production of which he claims will cause him to incriminate himself. Taxpayer contends that the purging conditions of the instant order also are violative of the fifth amendment. Because this court lacks jurisdiction to hear an appeal from the district court's interlocutory order, we DISMISS this appeal.

Appellant failed to file any federal income tax returns from 1976 until the present, although during each of these tax years Hallahan was employed as a salaried engineer. He told each of his employers that he is exempt from tax; consequently the employers did not withhold federal tax from his earnings.

The IRS issued two summonses to Hallahan on September 29, 1983, to help them determine his tax liability for those years and to locate assets from which the tax can be collected. Appellant failed to appear at the time required by the summonses.

The district court ordered Hallahan to show cause why the summonses should not be enforced. He failed to respond to this order, and on July 3, 1984, the court entered an order enforcing the summonses. Appellant failed to appear at the date specified for compliance and production.

The government moved to have the court hold Hallahan in contempt for failing to obey the order enforcing the summonses. Personal service was attempted by United States Marshals, but appellant evaded the personal service.[1] Service was had upon

1. According to the record, on one occasion a United States Marshal appeared at Hallahan's place of business, but after seeing the Marshal Hallahan refused to leave his office or permit the Marshal to effect service of process. On another occasion, a Marshal attempted to serve

Hallahan as he exited his vehicle. Hallahan returned to his vehicle after learning of the Marshal's purpose, and attempted to run over the Marshal with his vehicle while recklessly driving away.

Hallahan by certified mail. He again failed to appear as ordered by the court, which then held him in contempt. The court issued a bench warrant for his arrest, and ordered that he be held in custody until he complied with the order enforcing the summonses.

Hallahan was arrested a few days later. At a hearing held the day of Hallahan's arrest, the court learned that he was employed as an engineer, but appointed counsel for him. At a second hearing held the next day, Hallahan told the court that his financial records were scattered all over in various locations. He also told the court that he had prepared a list of his employers for the past ten years, but refused to produce the list unless the court agreed that that production would be all that was required of him.

On November 30, 1984, the court entered an order outlining what Hallahan must do to purge himself of contempt. Hallahan objected to this order asserting that some of the conditions imposed would require him to incriminate himself, and thus violated the fifth amendment. The court modified its "purging" order on December 17, 1984, setting forth certain conditions with which Hallahan must comply in order to purge himself of contempt. On January 6, 1985, he appealed from this order and is free on $10,000 bond pending his appeal.

The order for contempt was entered on November 20, 1984, and there was no appeal from that order, which was final and appealable. *United States v. Hankins,* 565 F.2d 1344, 1352 (5th Cir.), *clarified,* 581 F.2d 431 (5th Cir.1978), *cert. denied,* 440 U.S. 909, 99 S.Ct. 1218, 59 L.Ed.2d 457 (1979). The instant action is not an appeal from the November 20, 1984 contempt order, rather it is an appeal from the December 17, 1984 order, which sets forth the conditions Hallahan must meet to purge himself of the contempt order. The district court, in permitting him to post bond, noted that it "cannot say the appeal is frivolous or taken for purposes of delay." The court, however, did not certify an appeal pursuant to 28 U.S.C. § 1292(b).

Appellant cites *United States v. Ryan,* 402 U.S. 530, 91 S.Ct. 1580, 29 L.Ed.2d 85 (1971), as support for the appealability of the December 17, 1984 order. *Ryan,* however, merely stands for the proposition that "one to whom a subpoena is directed may not appeal the denial of a motion to quash that subpoena but must either obey its commands or refuse to do so and contest the validity of the subpoena if he is subsequently cited for contempt." *Id.* at 532, 91 S.Ct. at 1581. The Court did not address the legal effect of that person's failure to appeal the imposition of contempt. In the instant case Hallahan could have challenged the November 20, 1984 contempt order by timely filing an appeal from that order, the procedure suggested by the Supreme Court in *Ryan.* He failed to do this, however, and now seeks an appeal from an interlocutory order that merely sets forth conditions necessary to purge the contempt.

*Ryan,* in fact, can be read to support the government's position that the December 17 order is not immediately appealable. The subpoena in *Ryan* specified what efforts the district court would accept as sufficient attempts to comply with the subpoena. This is analogous to the instant order which specifies what Hallahan must do to avoid remaining in contempt. The Supreme Court held that since denial of immediate review in *Ryan* would not render impossible any review whatsoever of the individual's claims, no exception to the non-appealability of subpoenas would be made. *Id.* 533, 91 S.Ct. at 1582.

In the instant case, appellant does have an alternative means for obtaining review of the propriety of his continued incarceration for contempt even though he failed to timely appeal the contempt order. One of the avenues open to him is a petition for review pursuant to 28 U.S.C. § 2255, statutory federal habeas corpus relief. In *Hankins v. Civiletti,* 614 F.2d 953 (5th Cir. 1980), a taxpayer claiming a fifth amendment basis for his failure to produce records for the IRS sought habeas relief from his incarceration for contempt. In *Hankins,* however, the taxpayer effected a timely appeal of the contempt order, and the court had no occasion to address the jurisdictional issue presented here. *Hankins* does indicate, however, that Hallahan has an alternate route for relief: 28 U.S.C. § 2255. *See also Zimmerman v. Spears,* 565 F.2d 310, 316–17 (5th Cir.1977). We note three cases in which courts without discussing the jurisdictional problems involved, have adjudicated appeals from orders similar to the one presented here, *see In re Grand Jury Investigation (Braun),* 600 F.2d 420 (3d Cir.1979); *Simkin v. United States,* 715 F.2d 34 (2d Cir.1983); *Sanchez v. United States,* 725 F.2d 29 (2d Cir.1984), but we find the jurisdictional in-

firmities of the instant case sufficiently serious to mandate a different result.

Since the order setting forth conditions for purging contempt is interlocutory, we do not accept jurisdiction under 28 U.S.C. § 1291. Since the district court did not certify an appeal pursuant to 28 U.S.C. § 1292(b), this court cannot assert jurisdiction under 28 U.S.C. § 1292.

Accordingly Hallahan's appeal is DISMISSED for lack of jurisdiction.

## ORDER

■ In his petition for rehearing petitioner for the first time claims that the sixty day time limit for appeals from civil cases involving the United States is applicable to his appeal from a civil comtempt order. We disagree. Whereas petitioner correctly asserts that Federal Rule of Appellate Procedure 4(a)(1) governs the appeal in this case, this is not a situation in which the United States' participation in contempt holding is in the "traditional" posture required for the sixty day provision to apply. *See, e.g. United States v. Jackson*, 691 F.2d 478, 479 (11th Cir.1982) (appeal from forfeiture of an appearance bond must be taken within thirty days); *United States ex rel. Petrofsky v. Van Cott*, 588 F.2d 1327 (10th Cir.1978), *cert. denied*, 444 U.S. 839, 100 S.Ct. 77, 62 L.Ed.2d 50 (1979); *In re Combined Metals Reduction Co.*, 557 F.2d 179, 204 (9th Cir.1977).

The time limit for appeal from the November 20, 1984 order of contempt ran on December 21, 1984, thirty days after the filing of the order. Accordingly we deny the petition for rehearing.