**In re GRAND JURY PROCEEDINGS.**

**UNITED STATES of America, Appellee,**

v.

**John DOE, Appellant.**

**No. 686, Docket 88–6265.**

United States Court of Appeals,
Second Circuit.

Argued Dec. 2, 1988.

Decided Dec. 6, 1988.

Mark A. Kaplan, Jarvis & Kaplan, Burlington, Vt., for appellant.

Melissa A.D. Ranaldo, Asst. U.S. Atty., D. Vt., Burlington, Vt. (George J. Terwilli-

ger, III, U.S. Atty., D. Vt., R. Jeffrey Behm, Acting U.S. Atty., D. Vt., Burlington, Vt., of counsel), for appellee.

Before WINTER and MAHONEY, Circuit Judges, and METZNER, District Judge.*

PER CURIAM:

Doe was subpoenaed to testify before a federal grand jury sitting in Burlington, Vermont on August 11, 1988. Doe's counsel informed the government that Doe intended to invoke his Fifth Amendment right against self-incrimination. On August 22, 1988, the government filed a motion pursuant to 18 U.S.C. §§ 6002, 6003 (1982) for an order granting Doe immunity and ordering him to give testimony before the grand jury. The district court granted the motion and ordered Doe to testify on September 1, 1988. Doe, claiming that his life had been threatened, refused to testify on that date. The government then moved for an order of confinement. The district court conducted a hearing at which Doe testified that he had received repeated threats from a person in New Jersey that associates of that person would inflict bodily harm on Doe and/or his family if Doe testified before the grand jury.

On November 2, 1988, the district court ordered Doe summarily confined pursuant to 28 U.S.C. § 1826(a) (1982). The following day, Doe requested that the district court hear additional testimony from Doe and reconsider its order of confinement. The district court agreed to hear the additional testimony. Doe then testified that he had received weekly phone calls from the person in New Jersey threatening Doe and his family with bodily harm, that that person had visited Doe in Vermont and informed Doe that if Doe testified, Doe's wife and son would be in danger, and that Doe had been told that a friend who had previously dealt with the person from New Jersey had been killed by associates of that person. Nevertheless, the district court refused either to alter its confinement order

or to grant Doe's motion for bail or stay pending appeal.

Doe raises three claims on appeal: (i) that the government must demonstrate the significance of, or need for, his testimony before seeking his confinement; (ii) that the defense of duress is available to a civil contemnor; and (iii) that his incarceration for contempt was punitive, not coercive, and therefore violated due process. These claims are meritless.

■ In *In re Grand Jury Subpoena Served Upon Doe*, 781 F.2d 238 (2d Cir. 1985), *cert. denied*, 475 U.S. 1108, 106 S.Ct. 1515, 89 L.Ed.2d 914 (1986), we rejected a claim that the government must establish a need for information before a grand jury subpoena can be served on an attorney for an unindicted target. Specifically, we stated that:

> To impose additional requirements that the government show its need for the information sought and that the attorney is the only source for that information would hamper severely the investigative function of the grand jury, if not stop the grand jury "dead in its tracks". *See In the Matter of Klein*, 776 F.2d 628 (7th Cir.1985). To create new standards for obtaining fee information at the grand jury stage risks unacceptable interruption of the grand jury process and inevitable probing into what information the grand jury already had in order to determine whether a heightened "need" standard has been met. To allow a grand jury target to challenge the subpoena on the basis of a "need" requirement would seriously jeopardize the secrecy of the proceeding and the grand jury's investigative functions.

*In re Grand Jury Subpoena Served Upon Doe*, 781 F.2d at 248. This rationale clearly applies to the present circumstances. Requiring the government to show both that the information it hopes to obtain from Doe is significant and that that information is unavailable from other sources

* The Hon. Charles M. Metzner, United States District Judge for the Southern District of New York, sitting by designation.

would obviously impair the efficiency of grand juries. Such a requirement would bring investigations to intermittent standstills as the government set out to prove the necessity of each piece of information it sought to obtain. Moreover, potential sources of information would be less likely to cooperate knowing that the information they impart, as well as their identities, might be disclosed by the government in proving the necessity of obtaining further information.

■ We also reject Doe's claim that the defense of duress is available to a civil contemnor. Confinement under Section 1826 is coercive, not punitive, and its sole purpose is to compel the contemnor to provide the requested testimony. Thus, in *Simkin v. United States*, 715 F.2d 34, 37 (1983), we held that "if the [district court] is persuaded, after a conscientious consideration of the circumstances pertinent to the individual contemnor, that the contempt power has ceased to have a coercive effect, the civil contempt remedy should be ended." Moreover, we went on to state that "[a witness's] fear of reprisal does not provide a legal basis for declining to answer the grand jury's questions.... Instead, ... that ... fear provides a circumstance that [the district court should consider in determining whether] the contempt sanction will ... be effective." *Id.* at 37–38. That a contemnor believes he or she is under some compulsion not to testify thus is not a defense to a motion for confinement although the district court must address that issue in determining whether confinement will produce the desired effect.

■ We thus turn to Doe's claim that his incarceration is punitive, not coercive. As noted, the standard for determining whether a contemnor's incarceration is coercive is "whether there remains a realistic possibility that continued confinement might cause the contemnor to testify." *Simkin*, 715 F.2d at 37. In reviewing a district court's application of this test to a particular set of circumstances, we extend to the district court the greatest deference. As we stated in *Simkin*,

[a] district judge's determination whether a civil contempt sanction has lost any

realistic possibility of having a coercive effect is inevitably far more speculative than his resolution of traditional factual issues. Since a prediction is involved and since that prediction concerns such uncertain matters as the likely effect of continued confinement upon a particular individual, we think a district judge has virtually unreviewable discretion both as to the procedure he will use to reach his conclusion and as to the merits of his conclusion.

715 F.2d at 38 (footnote omitted). Under that standard, there are no grounds for reversal in the present case. As Judge Coffrin noted, Doe had not at the time of the hearing been subjected to the burdens of confinement. Although Doe testified that confinement would not prove effective in coercing him to testify, the district court still might reasonably have concluded that "a realistic possibility" existed that confinement would in the event prove coercive. Judge Coffrin thus also stated, "we are not convinced at this point that incarceration will not have a coercive effect on defendant. [Doe's] fear of retribution, however, may well be genuine and a factor to be considered should defendant be incarcerated and, at the appropriate time, make a motion to terminate incarceration."

We therefore affirm. The motion for bail pending appeal is moot.