**UNITED STATES of America, Petitioner–Appellee,**

v.

**Clifford G. WHEELER, Respondent–Appellant.**

No. 89–55522.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 7, 1991.*

Decided Dec. 27, 1991.

Clifford G. Wheeler, pro se.

Shirley D. Peterson, Asst. Atty. Gen., Tax Div., U.S. Dept. of Justice, Washington, D.C., for petitioner-appellee.

Before FARRIS, PREGERSON and THOMPSON, Circuit Judges.

PER CURIAM:

This appeal presents an issue of first impression: Is a district court's refusal to vacate a civil contempt order resulting from an IRS enforcement action appealable when the contemnor has failed to appeal the underlying contempt order? We hold that under the circumstances of this case it is not, and dismiss for lack of appellate jurisdiction.

FACTS

Clifford G. Wheeler (Wheeler) and his wife Marsha failed to file federal income tax returns for the years 1981 through 1986. As part of an investigation to determine Wheeler's tax liabilities for those years, the IRS issued summonses to Wheeler requiring him to produce all relevant books and records. Wheeler refused to comply and the IRS sought judicial enforcement of the summonses under Internal Revenue Code § 7402(b) and 7604.[1] The district court ordered the summonses enforced, and we affirmed that order in a

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a).

**1.** 26 U.S.C. § 7402(b) provides: "If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, records, papers, or other data, the district court ... shall have jurisdiction by appropriate process to compel such...."

The language of 26 U.S.C. § 7604(a) (enforcement of summons) is almost identical. 26 U.S.C. § 7604(b) specifically authorizes the district court to issue an order of civil or criminal contempt.

memorandum disposition, *United States v. Wheeler*, 895 F.2d 1419 (9th Cir.1990).

Wheeler failed to comply with the district court's order. On October 3, 1988, the district court held Wheeler in civil contempt and ordered him incarcerated until such time as he produced the summoned records. Wheeler did not appeal that order.[2]

On March 24, 1989, Wheeler, still incarcerated, filed an affidavit entitled "Notice of Declaration," in which he asserted that it was impossible for him to comply with the summonses because the records requested never existed. The district court treated the affidavit as a motion to vacate the contempt order, which it denied following a hearing on May 1, 1989.[3] Wheeler has appealed from that denial.[4]

## DISCUSSION

The government argues the district court's denial of Wheeler's motion to vacate the contempt order is a nonappealable interlocutory order. As support for this contention, the government cites *United States v. Hallahan*, 768 F.2d 754 (6th Cir. 1985). In *Hallahan*, a taxpayer was held in contempt and incarcerated for failing to comply with an IRS summons. The taxpayer failed to appeal from the contempt order. The Sixth Circuit dismissed as interlocutory his appeal from an order which set forth certain conditions with which Hallahan would have to comply in order to purge himself of contempt. *Hallahan*, 768 F.2d at 755. The *Hallahan* court noted that although its decision barred direct appeal, the contemnor could still challenge his

continued incarceration by petition for habeas corpus. *Id.*

We do not read *Hallahan* as broadly as the government. *Hallahan* stands only for the proposition that a district court order setting forth the conditions that a contemnor must meet in order to purge himself of contempt is an interlocutory order. It does not resolve the question whether an order denying a motion to vacate a contempt order is appealable.

On the one hand, the denial of such a motion has the appearance of a final decision of the district court. The denial order appears to adjudicate all claims between the parties in the sense that nothing further is left for decision by the district court. On the other hand, if a contemnor may appeal an order denying vacatur of a contempt order merely by asserting a continuing inability to comply with the order, the time limits of Fed.R.App.P. 4(a) will have little meaning. The contemnor would be able to indefinitely extend the deadline for appealing the issue of his ability to comply.

We hold that a district court's order refusing to vacate an underlying contempt order is nonappealable when the ground on which vacatur is sought existed at the time the contempt order was entered and the contemnor failed to appeal timely from that order.

Wheeler's appeal is dismissed for lack of appellate jurisdiction.

DISMISSED.

---

**2.** A contempt order issued pursuant to Internal Revenue Code §§ 7402(a) and 7604 constitutes a final decision and is appealable to this court. *United States v. Hallahan*, 768 F.2d 754, 755 (6th Cir.1985); *D.I. Operating Company v. United States*, 321 F.2d 586, 587–88 (9th Cir.1963).

**3.** The district court did not state whether Wheeler's declaration, which the court characterized as a "motion to vacate," was a motion under Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. A motion under Rule 59(e) would not have been timely. Because the court heard the motion and decided it on its merits, we conclude the court considered the motion as

a timely motion brought under Rule 60(b). The government does not argue to the contrary.

**4.** Wheeler has since been released from confinement. The district court terminated his incarceration when it determined that any coercive effect from his confinement had been achieved and continued incarceration would be punitive. *See Lambert v. Montana*, 545 F.2d 87, 89 (9th Cir.1976) (due process considerations may affect duration of confinement for civil contempt). There is no showing Wheeler purged himself of the contempt order by complying with the summonses.