988 F.2d 122
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roy SPENCER, Plaintiff-Appellant,
v.
INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES AND
MOVING PICTURE MACHINE OPERATORS OF THE UNITED
STATES AND CANADA, AFL-CIO, LOCAL 504,
Defendant-Appellee.
 No. 91-56169.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 2, 1993.*
Decided March 4, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CV-90-0831-AHS, Alicemarie H. Stotler, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before D.W. NELSON, WIGGINS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roy Spencer ("Spencer") filed the instant action against Local 504 of the International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the United States and Canada ("Union"), arguing, inter alia, that his removal as "Head Sound" at the Anaheim Convention Center violated provisions of the Labor Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. §§ 401 et seq., and that the Union breached its duty of fair representation. The Union moved for summary judgment, contending that Spencer had not been disciplined within the meaning of the LMRDA and that his fair representation claim was untimely.
 
 
 3
 The district court granted the motion and entered summary judgment in favor of the Union on May 22, 1991. Fifteen days later, Spencer filed a Motion for Reconsideration under the Central District's Local Rule 7.16, arguing that summary judgment should not have been granted because genuine issues of material fact existed with respect to his claims and that the district court had relied on bad law. The district court denied the motion on July 31, 1991, ruling that Spencer's motion failed under both Local Rule 7.16 and Fed.R.Civ.P. 60(b) because, inter alia, he had failed to offer any new evidence or citations to new law which would call into question the court's previous holding. Spencer filed his notice of appeal therefrom on August 30, 1991, challenging both the denial of his motion to reconsider and the underlying entry of summary judgment.
 
 
 4
 Because Spencer's motion for reconsideration was filed more than ten days after the entry of summary judgment, the district court properly construed the motion as one for relief from judgment under Fed.R.Civ.P. 60(b) rather than as a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e). See Carter v. United States, 973 F.2d 1479, 1488-89 (9th Cir.1992); United States v. Wheeler, 952 F.2d 326, 327 n. 3 (9th Cir.1991) (per curiam). Since a Rule 60(b) motion does not toll the 30-day time limit for filing a notice of appeal, see Fed.R.App.P. 4(a)(1), Spencer's notice of appeal was timely only with respect to the denial of the motion to reconsider and not as to the underlying summary judgment. See Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). Therefore, the only issue with which we are concerned is whether the district court abused its discretion in denying Spencer's motion for reconsideration.
 
 
 5
 As the district court properly noted in its order denying the motion for reconsideration, Spencer failed to submit either new evidence or new law, and made no showing of excusable neglect or any other ground for overturning the court's previous entry of summary judgment in favor of the Union. Under these circumstances, we find no abuse of discretion in the denial of the motion for reconsideration. See Carter, 973 F.2d at 1489.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument per Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not suitable for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3