### In re: GRAND JURY SUBPOENA
### JOHN DOE, Appellant,

v.

### UNITED STATES of America, Appellee.

### Docket 98–6137.

United States Court of Appeals,
Second Circuit.

Argued July 16, 1998.*

Decided July 16, 1998.

---

* This matter has been heard by order of the Chief Judge of the United States Court of Appeals for the Second Circuit under 28 U.S.C. § 46(b) certifying a judicial emergency.

Michael Kennedy (Simone Monasebian, on the brief), New York, NY, for Appellant.

Kenneth M. Karas, Assistant United States Attorney for the Southern District of New York (Mary Jo White, United States Attorney, Robert B. Buehler, Dietrich L. Snell, Assistant United States Attorneys), New York, NY, for Appellee.

Before: CABRANES, REAVLEY,** Circuit Judges, and JONES, District Judge.***

PER CURIAM:

John Doe is a civil contemnor who has been confined since February 23, 1998 for refusing to testify before a grand jury despite being granted immunity. On the day his confinement began, he started a hunger strike for political and religious reasons. On June 17, 1998, the United States District Court for the Southern District of New York (Denise Cote, *Judge*) denied his motion for release from civil confinement. On June 25, 1998, as a result of the hunger strike, Doe's health apparently had deteriorated, and the district court declared a medical emergency and ordered force-feeding because without it "his life would be in danger in the short run." *See* Supplemental App. at 15. Doe appeals from the June 17, 1998 order of the district court denying his motion for release. In addition, Doe asks us to review the court's June 25, 1998 force-feeding order, despite his failure to include it in his Notice of Appeal. Because the parties have stipulated that, under *Smith v. Barry*, 502 U.S. 244, 248, 112 S.Ct. 678, 116 L.Ed.2d 678 (1992), Doe's appellate brief may serve as the functional equivalent of a Notice of Appeal, we review

** The Honorable Thomas M. Reavley of the United States Court of Appeals for the Fifth Circuit, sitting by designation.

*** The Honorable Barbara S. Jones of the United States District Court for the Southern District of New York, sitting by designation.

the district court's force-feeding order as well.

## I.

 We review a district court's denial of a motion to release a contemnor from civil contempt for abuse of discretion. *See Dickinson v. United States,* 763 F.2d 84, 89 (2d Cir.1985). The purpose of confinement for civil contempt is coercive rather than punitive; "its sole purpose is to compel the contemnor to provide the requested testimony." *In re Grand Jury Proceedings (John Doe),* 862 F.2d 430, 432 (2d Cir.1988) (per curiam). "[W]hen it becomes obvious that sanctions are not going to compel compliance, they lose their remedial characteristics and take on more of the nature of punishment." *Simkin v. United States,* 715 F.2d 34, 36–37 (2d Cir.1983) (quoting *Soobzokov v. CBS, Inc.,* 642 F.2d 28, 31 (2d Cir.1981)). In determining whether a civil contempt sanction has lost its coercive effect and has thus become punitive, a district judge must exert "a conscientious effort to determine whether there remains a *realistic possibility* that continued confinement might cause the contemnor to testify. The burden is properly placed on the contemnor to demonstrate that no such realistic possibility exists." *Id.* (emphasis added).

The district court's June 17, 1998 denial of Doe's motion for release was based on information gleaned from hearings held on May 6 and May 26, 1998, and our review of its decision is similarly confined. We believe the conscientious district judge has applied the requirements of *Simkin* in a careful and balanced way. Her order of June 17, 1998 satisfied the requirements of applicable law and is affirmed.

 In reviewing the district court's force-feeding order of June 25, 1998, we, like the majority of courts that have considered the question, hold that such an order does not violate a hunger-striking prisoner's constitutional rights. *See, e.g., Martinez v. Turner,* 977 F.2d 421, 423 (8th Cir.1992), *cert. denied,* 507 U.S. 1009, 113 S.Ct. 1658, 123 L.Ed.2d 277 (1993); *In re Caulk,* 125 N.H. 226, 480 A.2d 93 (1984); *Von Holden v. Chapman,* 87 A.D.2d 66, 450 N.Y.S.2d 623 (4th Dep't 1982); *State v. Vogel,* 537 N.W.2d 358 (N.D.1995); *Commonwealth v. Kallinger,* 134 Pa.Cmwlth. 415, 580 A.2d 887 (1990);

*Laurie v. Senecal,* 666 A.2d 806 (R.I.1995); *cf. Commissioner of Correction v. Myers,* 379 Mass. 255, 399 N.E.2d 452 (1979). Although Doe, as a civil contemnor, has been convicted of no crime, the institution where he is housed is still responsible for his care while incarcerated. Other compelling governmental interests, such as the preservation of life, prevention of suicide, and enforcement of prison security, order, and discipline, outweigh the constitutional rights asserted by Doe in the circumstances of this case.

## II.

In view of what we have learned to date, we are confident that the district court will remain in close contact with the developing situation and will continue to conduct the *individualized* assessment prescribed by *Simkin:* whether there remains a realistic possibility that Doe's continued confinement might cause him to testify. *See* 715 F.2d at 37–39.

Accordingly, we affirm both the district court's June 25th force-feeding order and its June 17th order denying Doe's motion for release.

The mandate shall issue forthwith.