UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

Nos. 97-30163 and 98-30114

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

NOEL A. BRUMFIELD

Defendant-Appellant

Appeals from the United States District Court
For the Middle District of Louisiana

September 1, 1999

Before JONES and STEWART, Circuit Judges, and DUPLANTIER*, District Judge.

DUPLANTIER, District Judge*

Before us are two consolidated appeals by Noel Brumfield from two district court orders declaring that he had not purged himself of an earlier civil contempt judgment resulting from his failure to comply with the court's order that he produce certain documents and transfer designated property to a purchaser selected by the United States. For the following reasons we conclude that the appeal of only one of the orders was timely, and we affirm that order. The district judge did not abuse his discretion in concluding that Brumfield did not purge himself of the civil contempt.

*District Judge, Eastern District of Louisiana, sitting by designation.

Brumfield also appeals the district court's denial of his request for appointment of counsel. Brumfield previously raised this same claim in a "Petition for *Habeas Corpus* and/or Motion for Release Pending Appeal" filed directly in this court. The panel assigned that case concluded that it

1

lacked jurisdiction over that claim because Brumfield failed to file a notice of appeal from the denial of his motion to appoint counsel. *United States v. Brumfield*, No. 98-30194 (5th Cir. June 11, 1998), *reh. denied* September 18, 1998). That ruling controls Brumfield's identical claim in this appeal .

FACTS AND PROCEDURAL BACKGROUND

In 1991 Noel Brumfield pleaded guilty to one count of making a false statement on his income tax return; he was sentenced to a thirty-six month term of imprisonment. Prior to being sentenced, Brumfield sold two promissory notes with a total face value of $1,050,000, executed by Buccaneer Island View Hotel Complex, Ltd. ( Buccaneer) to Martin Sutton for $52,500. At the time he sold the notes to Sutton, Brumfield was a director and 50% shareholder in Buccaneer, a Caymanian corporation, which owned a piece of property in the Cayman Islands.

In April 1994, the government instituted a civil proceeding against Brumfield, seeking a judgment for unpaid taxes and penalties and ordering him to render an accounting of the assets he then owned as well as any assets he had transferred after the assessment of the tax liabilities. The government also sought an order requiring Brumfield to transfer to it all corporate stock he then owned. At the time the government instituted the civil action, Brumfield was a director and shareholder of Buccaneer.

On June 25, 1996, the district judge granted summary judgment in favor of the government. The judgment declared that Brumfield was the "current beneficial and legal owner" of the two promissory notes executed by Buccaneer, ordered him to liquidate all of his property outside the United States, to pay all the proceeds to the United States, to execute all documents necessary to transfer title to the Cayman property to a purchaser selected by the government, and to take any reasonable action necessary to facilitate the transfer of the corporation's interest in the property to that purchaser.

A number of convoluted proceedings then ensued. Over the next several months the government initiated several proceedings in attempting to collect its judgment. The district court conducted several hearings and issued various orders against Brumfield. After an evidentiary hearing

2

on October 1, the district court held Brumfield in contempt for failure to comply with its prior orders; the court concluded that Brumfield's "constant statements . . . are an attempt to mislead or misrepresent facts to this court." The district court ordered Brumfield incarcerated pending compliance with a document production order preciously issued.

Brumfield appealed the order holding him in contempt. That appeal was later dismissed when Brumfield failed to pay the filing fee and failed to order a copy of the transcript of the hearing. *United States v. Brumfield*, No. 96-31028 (5th Cir. November 4, 1996).

On January 17, 1997, the district court considered a motion by Brumfield to be released from confinement on the ground that he had purged himself of contempt. After an evidentiary hearing the court denied him relief, concluding that "[e]verything along the line is a bad faith act on the part of Mr. Brumfield, and he is not going to get away with it." Brumfield timely appealed this ruling on February 4, 1997. [1]

Brumfield appeared again before the district court on November 5, 1997, in another attempt to purge himself of the contempt order. After an evidentiary hearing, the court again ruled that Brumfield was still in contempt and ordered him to remain in custody. On January 5,1998, Brumfield appealed that order. [2]

In March 1998, Brumfield filed in this court a "Petition for Habeas Corpus and/or Motion for Release Pending Appeal." That petition/motion was dismissed. *United States v. Brumfield*, No. 98-30194 (5th Cir. June 11, 1998), *reh. denied* September 18, 1998.

Brumfield remained incarcerated for approximately thirty (30) months, until his release on May 26, 1999, after the government notified the district judge that it had no objection to his release.

MOOTNESS

Although Brumfield is no longer incarcerated, his appeals of the district court's orders that

---

[1] *United States v. Brumfield*, No. 97-30163.

[2] *United States v. Brumfield*, No. 98-30114. At Brumfield's request, appeal No. 97-30163 was consolidated with No. 98-30114.

he has not purged himself of contempt are not moot. His release from imprisonment did not vitiate the district court's contempt order. Also, there continue to be limitations on Brumfield's activities, i.e., Brumfield's movements are restricted and he was required to surrender his passport. However, because Brumfield is not longer incarcerated, we need not address his contention that 28 U.S.C. §1826[3] prohibits continuation of his incarceration.

## TIMELINESS OF THE APPEALS

Brumfield appeals from both the January 1997 and the November 1997 orders declaring that he had not purged himself of the previously adjudicated civil contempt. A notice of appeal in a civil case must be filed within 30 days after the judgment or order appealed from is entered, except for certain exceptions not pertinent here. Fed. R. App. P. 4(a)(1)(A). It is undisputed that Brumfield timely filed a notice of appeal from the January order. However, the November order was not appealed until January 5, 1998, more than thirty days after the district court entered the order.

Relying upon Fed. R. App. P. 4(a)(1)(B), appellant urges that because the government is a party to the suit he had sixty days to timely appeal the November order.

Whether the sixty day appeal period applies in a civil contempt proceeding arising in the course of a civil action in which the United States is a party is apparently an issue of first impression in this circuit. We adopt the reasoning of *United States v. Hallahan*, 768 F.2d 754, 756 (6th Cir. 1985) on this issue, and conclude that the sixty day period is not applicable. "[T]his is not a situation in which the United States' participation in [a] contempt holding is in the traditional posture required for that sixty day provision to apply." *Id.* (internal quotation omitted). Because the November order was not timely appealed, we lack jurisdiction to consider the appeal in *United States v. Brumfield*,

---

[3] 28 U.S.C. 1826(a) provides:
> Whenever a witness in any proceeding before or ancillary to any court
> or grand jury of the United States refuses without just cause shown
> to comply with an order of the court to testify or provide other
> information . . . the court upon such refusal, or when such refusal
> is duly brought to its attention, may summarily order his confinement
> . . . but in no event shall such confinement exceed eighteen months.

4

No. 98-30114 and therefore dismiss it.

## FINALITY OF ORDER

Before examining the merits of Brumfield's timely appeal from the January 17, 1997, order that he remain in custody because he had not purged himself of contempt, we must first determine whether it is a final appealable order. Apparently this issue is also one of first impression in this circuit.

The government relies on several cases in arguing that the January order is not a final order. *Combs v. Ryan's Coal Company, Inc.*, 785 F.2d 970 (11th Cir. 1996), *United States v. Wheeler*, 952 F.2d 326 (9th Cir. 1991), and *United States v. Hallahan*, 768 F.2d 754 (6th Cir. 1985), *cert. denied*, 475 U.S. 1021, 106 S.Ct. 1210, 89 L.Ed.2d 322 (1986). None of those cases present the issue involved here, i.e., whether an order holding that an individual who has been adjudged in contempt has not purged himself of that contempt is a final order. In *Combs*, the district judge found several parties to be in contempt and provided them with an opportunity to purge themselves of contempt at a future hearing by satisfying various requirements established by the district court. Concluding that the order "was merely interim and clearly conditioned on the submission of a substantial quantum of information . . . before a final finding of civil contempt would be issued, if at all, " the Eleventh Circuit held that the order was not appealable. *Combs v. Ryan's Coal Company, Inc.*, 785 F.2d. at 795. Brumfield does not challenge the conditions necessary to purge himself of contempt; he challenges the decision that, despite his efforts, he has failed to purge himself of the previously adjudicated contempt. Like *Combs*, *United States v. Hallahan*, involved an appeal from an order setting forth the conditions the defendant must satisfy in order to purge himself of contempt, not an order denying the defendant's motion seeking relief from a contempt order on the basis that he has purged the contempt. *United States v. Wheeler*, 952 F.2d 326 (9th Cir. 1991) can also be readily distinguished. There the defendant appealed the denial of his motion to vacate the order holding him in contempt. He did not contend, as Brumfield does, that he had purged himself of the contempt. He argued that he should never have been held in contempt because the records which he failed to

5

produce  never existed.  In effect, Wheeler was attempting a late appeal from the original contempt order.

None of the cases relied on by the government persuade us that the order at issue here is not a final order subject to appeal.  As discussed hereafter, two other circuits have treated orders denying motions to purge contempt as final and appealable.  *Consolidated Rail Corp. v. Yashinsky*, 170 F.3d 591, 594 (6th Cir. 1999); *Doe v. United States (In re Grand Jury Subpoena)*, 150 F.3d 170, 172 (2d Cir. 1998).  No circuit has held to the contrary,

The January order holding that Brumfield had not purged himself of the previously adjudicated contempt  was in essence a new contempt order. To put it another way, the January order was an adjudication that, notwithstanding certain actions by Brumfield which he contended complied with the June 25, 1996 judgment and subsequent court orders,  Brumfield was still in contempt of that judgment and the subsequent orders.  Because there was a new adjudication of contempt and a new sanction, i.e. continued incarceration, the order is "final" and  a new right to appeal is triggered. *See United States Abatement Corp. v. Mobil Exploration & Producing U.S., Inc.,* 39 F.3d 563, 567 (5th Cir. 1994).  Clearly, one who, subsequent to being jailed for contempt, has taken steps which he contends should purge himself of contempt should be afforded an effective avenue for review of an adverse ruling by the district court on his motion to be relieved of sanctions, especially incarceration. In no sense is such a ruling interlocutory.

## MERITS  OF THE JANUARY ORDER

A district court finding of civil contempt is reviewed for abuse of discretion.  *See Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 243 (5th Cir. 1997).  We apply the same abuse of discretion standard in reviewing the district court's finding that Brumfield has not purged himself of  contempt. *See Consolidated Rail Corp. v. Yashinsky*, 170 F.3d at 594 (6th Cir. 1999); *see also Doe v. United States (In re Grand Jury Subpoena)*, 150 F.3d at 172 (2d Cir. 1998).

The district court judge did not abuse his discretion in concluding that Brumfield had failed to purge himself of the civil contempt.  At the October 1, 1996 hearing Brumfield was found to be

in contempt, in part, based on his failure to produce the documents ordered on September 27, 1996. Among the documents ordered to be produced were documents relating to Brumfield's transfer of the promissory notes to Martin Short, documents relating to Brumfield's transfer of his interest in Buccaneer to Martin Short, and documents relating to Brumfield's resignation as a director of Buccaneer.

The January 1997 hearing resulted in the order under consideration in this appeal. At that hearing Brumfield produced some uncertified documents related to his resignation as a director of the corporation. However, he produced no documents related to the transfer of the stock in Buccaneer nor any documents related to his transfer of the promissory notes to Martin Short; his counsel did not suggest that he was unable to obtain those documents. Considering Brumfield's continued failure to comply with the previous order to produce documents, the district judge did not abuse his discretion in determining that Brumfield had failed to purge himself of contempt. Accordingly, the judgment of the district court is affirmed.