**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* v. JOSEPH M. ARPAIO, Sheriff, *Defendant-Appellant.* | No. 17-10448 D.C. No. 2:16-cr-01012-SRB-1 ORDER |

Filed April 17, 2018

Before:  A. Wallace Tashima, William A. Fletcher,
and Richard C. Tallman, Circuit Judges.

Order;
Dissent by Judge Tallman

## SUMMARY[*]

### Criminal Law

In an appeal from the district court's denial of former Maricopa County Sheriff Joseph Arpaio's request—following a Presidential pardon—for vacatur of his criminal-contempt conviction, a motions panel issued an order appointing a special prosecutor to defend the district court's decision after the United States informed this Court that it does not intend to defend it.

The panel held that it has authority to appoint counsel under Fed. R. Crim. P. 42(a)(2); and that, independently, it has inherent authority to appoint a special counsel to represent a position abandoned by the United States on appeal.

Dissenting, Judge Tallman wrote that it is unwise for this Court to use its authority to appoint a private attorney at this late stage to "prosecute" the appeal of a case the Government already won, in the face of the Government's continued willingness to participate, and to countenance a surreptitious use of the vacatur appeal to pursue an untimely attack on the President's constitutional authority to pardon.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## COUNSEL

John Wilenchik and Dennis I. Wilenchik, Wilenchik & Bartness P.C., Phoenix, Arizona; Mark D. Goldman, Goldman & Zwillinger PLLC, Scottsdale, Arizona; for Defendant-Appellant.

John D. Keller, Deputy Chief; James I. Pearce, Trial Attorney; United States Department of Justice, Washington, D.C.; for Plaintiff-Appellee.

## ORDER

This case is on appeal from the district court's denial of Defendant-Appellant's request for vacatur of his conviction for criminal contempt. The validity of the district court's denial will be addressed by the merits panel assigned to this case. We address only the question of whether to appoint a special prosecutor to defend the district court's decision in light of the United States' letter informing this Court that "[t]he government does not intend to defend the district court's order." For the reasons discussed below, we will appoint a special prosecutor to provide briefing and argument to the merits panel.

### I. Background

Defendant-Appellant former Maricopa County Sheriff Joseph M. Arpaio ("Sheriff Arpaio") was referred for criminal contempt on August 19, 2016. The United States prosecuted Sheriff Arpaio and obtained a conviction on July 31, 2017. On August 25, 2017, President Donald J. Trump

pardoned Sheriff Arpaio, noting that Sheriff Arpaio's sentencing was "set for October 5, 2017."

On August 28, 2017, Sheriff Arpaio moved for two forms of relief. First, Sheriff Arpaio moved "to dismiss this matter with prejudice." Second, Sheriff Arpaio asked the district court "to vacate the verdict and all other orders in this matter, as well as the Sentencing on October 5th."

The district court granted Sheriff Arpaio's first request. On October 4, 2017, the district court dismissed with prejudice the action for criminal contempt. No timely notice of appeal from the dismissal order was filed. We denied a late-filed request for the appointment of counsel to "cross-appeal the District Court's Order dismissing the charges."

The district court denied Sheriff Arpaio's second request. On October 19, 2017, the district court denied vacatur and refused to grant "relief beyond dismissal with prejudice." That same day, Sheriff Arpaio filed a timely notice of appeal. In response to a request for the appointment of counsel to "defend the District Court's Order denying Arpaio's request for vacatur," we ordered the United States to "file a statement indicating whether it intends to enter an appearance and file an answering brief in this appeal."

The United States responded that it "does not intend to defend the district court's order from October 19, 2017 . . . ; instead, the government intends to argue, as it did in the district court, that the motion to vacate should have been granted." The United States took "no position on whether the Court should appoint counsel to make any additional arguments."

## II. Discussion

Because the United States has abandoned any defense of the district court's decision with respect to vacatur, the merits panel of our court that will decide this appeal will not receive the benefit of full briefing and argument unless we appoint a special prosecutor to defend the decision of the district court. For the reasons that follow, we will appoint a special prosecutor.

First, we conclude that we have the authority to appoint counsel under Federal Rule of Criminal Procedure 42, which prescribes procedures for dealing with criminal contempt. Rule 42(a)(2) provides:

> *Appointing a Prosecutor.* The court must request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of another attorney. If the government declines the request, the court must appoint another attorney to prosecute the contempt.

In Rule 42(a)(2)'s most common application, the district court appoints a special prosecutor to investigate and try a criminal contempt when the government declines to perform that function. *See*, *e.g.*, *Hollingsworth v. Perry*, 570 U.S. 693, 725 (2013) (Kennedy, J., dissenting) ("Federal Rule of Criminal Procedure 42(a)(2) allows a court to appoint a private attorney to investigate and prosecute potential instances of criminal contempt.").

But the operation of Rule 42(a)(2) is not confined to investigations and trials in the district court. A private

attorney appointed under the rule has the authority to act as a special prosecutor not only in the district court but also in the court of appeals. *See*, *e.g.*, *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 808–09 (1987) (invalidating the appointment of special prosecutor because he was an interested party, not because he prosecuted an appeal); *United States v. Cutler*, 58 F.3d 825, 827, 831–32 (2d Cir. 1995) (accepting without comment a special prosecutor's briefing and argument in an appeal by a contemnor); *Matter of Providence Journal Co.*, 820 F.2d 1342, 1345 (1st Cir. 1986) (same). Our attention has not been directed to, nor have we found, a case in which a special prosecutor was appointed by a court of appeals after the government declined to oppose the contemnor's arguments on appeal. However, we see no reason why such appointment should not take place under Rule 42(a)(2).

Second, independent of any authority under Rule 42(a)(2), we have inherent authority to appoint a special counsel to represent a position abandoned by the United States on appeal. "[I]t is long settled that courts possess inherent authority to initiate contempt proceedings for disobedience to their orders, authority which necessarily encompasses the ability to appoint a private attorney to prosecute the contempt." *Young*, 481 U.S. at 793. "The fact that we have come to regard criminal contempt as a crime in the ordinary sense does not mean that any prosecution of contempt must now be considered an execution of the criminal law in which only the Executive Branch may engage." *Id.* at 799–800 (internal citations and quotation marks omitted).

The long-standing practice of the United States Supreme Court is to use its inherent authority to appoint disinterested

counsel to represent the position taken by the United States below when the United States refuses to defend its prior position. *See United States v. Brainer*, 691 F.2d 691, 693 (4th Cir. 1982) ("When the government confesses error in the Supreme Court, and thus abandons a position taken in a lower court, the Court commonly appoints an amicus to assert the abandoned cause.") (citing cases); Letter to Anton Metlitsky, Esq., *Lucia v. SEC*, No. 17-130 (U.S. Jan. 18, 2018) (inviting a private attorney "to brief and argue this case, as amicus curiae, in support of the judgment below"); Brief for the Respondent at 9–10, *Lucia v. SEC*, No. 17-130 (U.S. Nov. 29, 2017) (notifying the Court that the government would no longer defend the decision below and urging the Court to "appoint an amicus curiae" to do so).

The Supreme Court has relied on its inherent judicial power to appoint appellate counsel specifically in the context of contempt. In *United States v. Providence Journal Co.*, 485 U.S. 693 (1988), the Court held that a special prosecutor appointed under Rule 42 needs the permission of the Solicitor General to litigate a contempt case in the Supreme Court. *Id.* at 699 n.5. The Court noted that the independence of the judiciary "might appear to be threatened" by this holding, especially in cases in which the contemnor was convicted by the district court, the Court of Appeals affirmed, and the Solicitor General refused to either defend the judgment below or authorize the special prosecutor to do so. *Id.* at 703–04. However, the Supreme Court explained that "[t]his threat . . . is inconsequential" because of the Court's inherent authority to appoint an amicus to appear before the Court to defend the judgment below: "[I]t is well within this Court's authority to appoint an *amicus curiae* to file briefs and present oral argument in support of that judgment." *Id.* at 704.

Conclusion

We will appoint special counsel and address all other pending motions by  separate order.

**SO ORDERED.**

---

TALLMAN, Circuit Judge, dissenting:

*Amici* ask us to appoint a private attorney under Federal Rule of Criminal Procedure ("Rule") 42(a)(2) to defend the district court's Order denying Defendant/Appellant Joseph Arpaio's request for vacatur of his criminal contempt conviction.  Rule 42(a)(2) is not applicable here.  Arpaio effectively conceded his guilt by accepting the pardon, and there is no need for more investigation, presentation of evidence, or further proceedings to determine if the equitable relief of vacatur is appropriate.  The United States has told us it is not abdicating its responsibility to represent the Government's interest in this appeal.  Nor do *amici* attempt to hide the true purpose of their request—to challenge the underlying pardon.  But the constitutionality of the President's pardon is not at issue in Arpaio's current appeal; the denial of Arpaio's motion for vacatur of his conviction is.  The request is inappropriate.  My colleagues' decision to appoint separate counsel now is therefore ill-advised and unnecessary.  I respectfully dissent.

I

Following his pardon on August 25, 2017, Arpaio moved to dismiss his criminal contempt conviction with prejudice

and for vacatur of the record. On October 4, 2017, an able United States district judge found that the pardon was valid, dismissed the action for criminal contempt, entered that order on the public docket, and closed the case. The order also denied *amici*'s motion to appoint a Rule 42 attorney, but reserved ruling on Arpaio's additional request for vacatur. After considering further briefing on whether to vacate, the district court denied the request for vacatur on October 19, 2017, and Arpaio timely appealed.

*Amici* initially wanted us to appoint a special prosecutor to both defend the October 19 vacatur order and file a notice of appeal from the district court's earlier October 4 dismissal order. We denied *amici*'s motion in part, however, because under Federal Rule of Appellate Procedure 4(b)(1)(B)(ii), the time for filing an appeal to challenge the constitutionality of the pardon had run. Nov. 22 Order, Dkt. 9; *see United States v. Wheeler*, 952 F.2d 326, 327 (9th Cir. 1991) ("[A] district court's order refusing to vacate an underlying contempt order is nonappealable when the ground on which vacatur is sought existed at the time the contempt order was entered and the contemnor failed to appeal timely from that order."). In short, the basis for our November 22 Order was that *amici* were too late because they missed the deadline to raise a constitutional challenge to the earlier order.

We also asked the United States to state its intentions regarding Arpaio's separate vacatur appeal. The Government responded that it had entered an appearance and "intends to represent the government's interests in this appeal." The Government explained that, instead of defending the district court's October 19 order, it "intends to argue . . . that the motion to vacate should have been granted." That ought to have been the end of the matter.

But because the United States has chosen not to defend the vacatur order, *amici* now assert that the Government is declining to prosecute Arpaio's criminal contempt conviction and that we are *required* to appoint special counsel. Regrettably, my colleagues in the majority agree. Sound judicial discretion instead counsels that we should deny the request and not appoint a special prosecutor at this late date in the case.

## II

The request to appoint a private lawyer under Rule 42(a)(2), in place of the United States, is inappropriate now because it effectively gives interested parties an avenue to belatedly appeal the pardon's effect on successful conviction, despite the Government's continued participation.

## A

The criminal contempt case was successfully prosecuted by the United States, which did not hesitate or decline to prosecute. No useful purpose would be served by appointing a new prosecutor now.

Rule 42(a)(2) was developed for a very different purpose than employed here. "Federal Rule of Criminal Procedure 42(a)(2) allows a court to appoint a private attorney to *investigate and prosecute* potential instances of criminal contempt."[1] *Hollingsworth v. Perry*, 133 S. Ct. 2652, 2673

---

[1] Rule 42(a)(2) states in whole, "**Appointing a Prosecutor.** The court must request that the contempt be prosecuted by an attorney for the government, unless the interest of justice requires the appointment of

(2013) (Kennedy, J., dissenting) (emphasis added).    In recognizing the power of the judiciary to appoint special prosecutors, the Court stated in *Young v. U.S. ex rel. Vuitton et Fils S.A.* that "[t]he prosecutor is appointed *solely* to pursue the public interest in vindication of the court's authority." 481 U.S. 787, 804 (1987) (emphasis added).    Accordingly, "[a] private attorney appointed to prosecute a criminal contempt therefore certainly should be as disinterested as a public prosecutor who undertakes such a prosecution."**[2]**    *Id.*

The need for special counsel is over.  The United States secured a contempt conviction at trial and any affront to the court's authority was vindicated.  We have observed that a prosecutor, as part of the prosecutorial power to punish a putative contemnor, "can gather evidence and investigate matters more thoroughly than a court can at an evidentiary hearing alone.  He or she can also serve to shorten the length of trial by culling through evidence and witnesses beforehand to determine which are relevant and credible." *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1140 (9th Cir. 2001).

But these powers of prosecution do not—and should not—extend to tangential matters of end-of-case record-

---

another attorney.  If the government declines the request, the court must appoint another attorney to prosecute the contempt."

**[2]** *Amici* do not appear disinterested.  Given that the law firm serving as the primary signor for *amici* represented President Trump's former political rival, Hillary Clinton, their possible opposing interests should at least preclude them from appointment as special counsel, as they requested.  *Young*, 481 U.S. at 811 ("[A]ppointment of an interested prosecutor creates an appearance of impropriety that diminishes faith in the fairness of the criminal justice system in general.").

keeping or vacatur of the record of a successful conviction following a pardon. This is not why Rule 42(a)(2) exists. It exists to ensure the judiciary "has a means to vindicate its own authority without complete dependence on other Branches." *Young*, 481 U.S. at 796. It also applies when the government is ineligible or otherwise declines to prosecute. *See, e.g.*, *F.T.C. v. Am. Nat. Cellular*, 868 F.2d 315, 318–20 (9th Cir. 1989) (analyzing factors that contribute to a party's ineligibility to prosecute criminal contempt charges); *In re Special Proceedings*, 373 F.3d 37, 43 (1st Cir. 2004) (holding that the appointment of a special prosecutor was appropriate where the government attorneys were the possible source of the leak of information underlying the criminal contempt prosecution).

Here, the district court's authority was vindicated when Arpaio was convicted of criminal contempt. Its authority will not be usurped if that conviction is vacated in light of the pardon, or if the court of appeals ultimately affirms the district court's refusal to annul it from the defendant's record.

B

The Government has also never declined to prosecute this case. *See* Fed. R. Crim. P. 42(a)(2) ("If the government *declines* the request [to prosecute a contempt charge], the court must appoint another attorney to prosecute the contempt."). It maintains that it continues to represent the public (and the Executive) interest in the vacatur proceedings. *Amici*, however, would have us believe that because the United States supports the vacatur, such action is tantamount to the Government declining to prosecute a criminal contempt conviction. But they cite no cases for the proposition that Rule 42 requires appointing a special prosecutor where, as

here, the Government has already successfully obtained a conviction, but the President has pardoned the contemnor.

Nor does "the interest of justice" mandate that the Government be precluded from continuing to act as a prosecutor so the record of Arpaio's conviction may be maintained. Fed. R. Crim. P. 42(a)(2). And because the pardon does not erase Arpaio's guilt or expunge the fact of the judgment, there is no underlying affront to the court's authority stemming from criminal contempt left to vindicate. *See In re North*, 62 F.3d 1434, 1437 (D.C. Cir. 1994) ("Because a pardon does not blot out guilt or expunge a judgment of conviction, one can conclude that a pardon does not blot out probable cause of guilt or expunge an indictment.").

Even if some future merits panel subsequently reversed the district court's vacatur order denying Arpaio's request, the special prosecutor would still need the Solicitor General's approval to file a petition for writ of certiorari to the United States Supreme Court. *United States v. Providence Journal Co.*, 485 U.S. 693, 706–07 (1988). This seems highly unlikely given the Government's current litigating position. Arpaio was convicted, pardoned, and all that remains is a matter of record-keeping as to the fact of his conviction.

Given the Government's continued participation in this case, our appointment now of a special prosecutor to advance a litigating position different from that pursued by the United States Department of Justice makes it *appear* as though we are appointing another prosecutor because we have prejudged the case and disagree with the Government's position. In light of this appearance of judicial bias, we should respect the Government's position and remain impartial on the matter.

*See Commonwealth Coatings Corp. v. Cont'l Cas. Co.*, 393 U.S. 145, 150 (1968) ("[A]ny tribunal permitted by law to try cases and controversies not only must be unbiased but also must avoid even the appearance of bias."); Code of Conduct for United States Judges, 175 F.R.D. 363, 364–66 (1998).

C

More worrisome still is that *amici* seemingly want a special prosecutor appointed just to take another stab at attacking the pardon on constitutional grounds after they failed to timely appeal. *See Amici Curiae*'s Reply to Statement of the United States, Dkt. 13, at 1 ("[T]he need for a Rule 42 attorney is particularly acute in this case given the unprecedented nature of the Pardon and the novel and important constitutional issues it raises."); Brief for *Amici Curiae*, Dkt. 5, at 1 ("[P]roposed *amici* have a profound interest in ensuring that the constitutionality of President Trump's extraordinary pardon of Arpaio is reviewed by this Court."); Motion for Leave for Erwin Chemerinsky, Michael E. Tigar, and Jane B. Tigar to Participate as *Amici Curiae*, Dkt. 18, at 3–23 (proposed *amici* spend three pages addressing vacatur, and nineteen subsequent pages addressing the validity of the pardon).

The Supreme Court has already ruled that the President has the power to pardon criminal contempt convictions. *Ex parte Grossman*, 267 U.S. 87, 122 (1925). And we have already ruled that *amici* missed the deadline for arguing the merits of such an appeal. It's time *amici* let go of that issue.

III

It is an unwise use of our authority to appoint a private attorney at this late stage to (1) "prosecute" the appeal of a case the Government already won, (2) in the face of the Government's continued willingness to participate, and (3) to countenance a surreptitious use of the vacatur appeal to pursue an untimely attack on the President's constitutional authority to pardon. I fear the majority's decision will be viewed as judicial imprimatur of the special prosecutor to make inappropriate, unrelated, and undoubtedly political attacks on Presidential authority. We should not be wading into that thicket.

Accordingly, I respectfully dissent.